■ ROBERT D. McGINNIS, Respondent, v TOWN OF ROTTERDAM, Appellant, et al., Defendants. — Appeal from a judgment of the Supreme Court in favor of plaintiff, entered October 18, 1983 in Schenectady County, upon a verdict rendered at Trial Term (Viscardi, J.).

Plaintiff, then 19 years old, was injured on September 1, 1978 while riding as a passenger in a vehicle driven by defendant Brian Allen on Old Mariaville Road in the Town of Rotterdam, Schenectady County. The vehicle was alleged to have gone off the roadway due to the failure of defendant town to erect a "dead end" sign and due to the driver's impaired ability caused by alcohol. The trial court dismissed the action against the other named defendants. The jury found a verdict of $220,000 in favor

of plaintiff against both the town and the driver on an equal liability basis. The sole question argued on this appeal is the excessiveness of the verdict.

As a result of the accident, plaintiff was thrown from the vehicle. He was found lying next to railroad tracks in the vicinity and was taken to a hospital emergency room where he was found stuporous and areflexic. A trachial tube was inserted in plaintiff's windpipe to help him breathe. He was also put on the artificial respirator. His right ear was crushed, and he sustained contusions to the lung, broken ribs, and acromioclavicular separation and a right hemathorax. He had severe abrasions and lacerations, down to the bone in some instances. Plaintiff underwent surgery to remove the dirt from his skull fracture and to irrigate and suture his wounds. Spinal fluid was leaking from a laceration in the covering of his brain, which had to be closed. Bone fragments were removed from the tissue area of the skull, and green paint, which had been embedded in parts of the bone of plaintiff's skull, was scraped off with a curette. The removal of the bone fragments left plaintiff with a hole in his skull, which remains covered only by skin. A second operation was performed about 19 days later whereby the cranial cavity had to be re-entered to remove blood which had clotted on the brain. A C.T. scan indicated atrophy of the brain resulting from trauma to plaintiff's skull, which means a decrease in brain substance to the right cerebral hemisphere. During his hospitalization, some facial paralysis was evident and a hearing loss noted, a total loss of serviceable hearing in the left ear and a permanent loss of 40% to 45% of hearing in the right ear, which, in part, means that plaintiff will never be able to distinguish the direction of sound. He also suffered a hemorrhage behind the right ear. While hospitalized and thereafter, plaintiff was required to go for therapy sessions and to use crutches and then a cane. For a year after the accident plaintiff had dizzy spells which would cause him to lose his balance and stumble, and this sensation persisted, even up to the time of trial. Plaintiff was hospitalized from the date of the accident until October 5, 1978, approximately five weeks. His problems with balance continue and, of course, the scars are also permanent.

In view of the serious nature of plaintiff's injuries, the permanency of his loss of serviceable hearing in the left ear and the degree of loss of hearing in his right ear, the partial facial paralysis, the scarring, and his problem with loss of balance, the verdict of $220,000 is fair and reasonable and in no way excessive or unfair. Accordingly, the judgment should be affirmed.

Judgment affirmed, with costs. Main, J. P., Casey, Mikoll, Levine and Harvey, JJ., concur.