■ MELINA HANNON et al., Appellants, v DUNKIRK MOTOR INN, INC., Doing Business as HOLIDAY INN, Respondent. (Appeal No. 1.)—Judgment unanimously reversed on the law with costs and new trial granted. Memorandum: On this appeal by plaintiffs from a judgment entered upon a jury verdict finding no cause for action on plaintiffs' slip-and-fall claim, plaintiffs contend that the court erred in denying their motion for a mistrial and their posttrial motion to set aside the verdict on the ground of unfair surprise, and that the court's instructions attempting to remedy the surprise were erroneous. Plaintiffs are entitled to a new trial. CPLR 4402 and 4404 authorize the court to grant a new trial in the interest of justice, on the ground that a party was surprised during the progress of the trial without fault on his own part (see, 8A Carmody-Wait 2d, NY Prac § 62:30, at 251; 4 Weinstein-Korn-Miller, NY Civ Prac ¶ 4402.02). Introduction of unduly prejudicial evidence which was withheld by the movant's opponent and which the movant could not have anticipated in the exercise of due diligence constitutes unfair surprise (Xavier v Grunberg, 67 AD2d 632). Although determination of a motion for a mistrial or for a new trial is within the discretion of the trial court, denial of a mistrial motion is reversible error where it appears that the motion should have been granted to prevent a substantial possibility of injustice (Reome v Cortland Mem. Hosp., 152 AD2d 773, 774, quoting Cohn v Meyers, 125 AD2d 524, 527). We conclude that plaintiffs were unfairly surprised and

prejudiced by defendant's introduction of time cards to impeach plaintiffs' witness, defendant's former employee, concerning whether the witness was working on the day of the accident. We conclude that plaintiffs could not have anticipated the devastating impeachment of their witness and that the court thus should have granted their mistrial motion.

Plaintiffs are also entitled to a new trial on the ground that the court's instructions attempting to cure the surprise were erroneous. In instructing the jury not to draw a negative inference against plaintiffs as a result of their calling the witness, the court asserted that the witness "apparently" and "in fact" had not been on the premises on the day of the accident. That instruction erroneously removed from the jury's consideration a critical factual issue, viz., whether the witness observed the icy condition of the parking lot and defendant's failure to remedy that condition. Whatever the probative force of the time cards, they were not determinative on the issue of the witness's presence and did nothing more than raise a factual issue. Thus, it was error for the court to resolve that issue as a matter of law. (Appeal from judgment of Supreme Court, Wyoming County, Dadd, J.—negligence.) Present—Denman, J. P., Boomer, Pine, Balio and Lawton, JJ.