■ RAYMOND MONCION et al., Respondents, v DANTE RUSSO et al., Appellants, et al., Defendant.—In an action to recover damages for personal injuries, etc., the defendants Dante Russo and Donna Russo appeal from an order of the Supreme Court, Queens County (Di Tucci, J.), dated June 9, 1989, which, *inter alia,* granted the plaintiffs' motion, pursuant to CPLR 4404, to set aside a jury verdict in favor of the appellants as against the weight of the credible evidence, and granted the plaintiffs a new trial.

Ordered that the order is reversed, on the law and the facts, with costs, the plaintiffs' motion is denied, the verdict is reinstated, and the matter is remitted to the Supreme Court, Queens County, for the entry of an appropriate judgment on the verdict.

This action arose out of an accident which occurred while the plaintiff Raymond Moncion (hereinafter Moncion) was a passenger in the front seat of an automobile driven by the defendant Dante Russo (hereinafter Russo) and owned by the defendant Donna Russo. Russo was driving Moncion home from work when his vehicle collided with a van on the Grand Central Parkway. Moncion contended that Russo caused a rear-end collision with the van, and Russo contended that the van cut off his vehicle, thereby causing the accident.

At the trial, Moncion testified that Russo had been driving erratically prior to the accident. However, he conceded that he did not see the accident occur. The police accident report which was admitted in evidence, contained a statement that the van had been struck in the rear by Russo's vehicle. The police officer who completed the report did not witness the accident, and he could not recall the specific basis for the aforenoted statement in his report. At Russo's pretrial deposition, a transcript of which was admitted into evidence as part of the plaintiffs' case, he stated that the accident occurred when he was cut off by a van which approached his vehicle from the left lane. However, he gave conflicting testimony at the deposition as to which side of his car had been damaged in the accident, changing his testimony after being shown photographs of the damage to his vehicle. Russo explained this inconsistency by stating that the accident had occurred six years earlier, and that the photographs had refreshed his memory concerning the location of the damage.

The jury rendered a verdict in favor of the appellants. Upon

the plaintiffs' motion, the trial court set aside the verdict as against the weight of the evidence and granted a new trial. We reverse.

It is well settled that "a jury verdict in favor of a defendant should not be set aside unless 'the jury could not have reached the verdict on any fair interpretation of the evidence' " (*Nicastro v Park*, 113 AD2d 129, 134, quoting from *Delgado v Board of Educ.*, 65 AD2d 547, *affd* 48 NY2d 643). The testimony of Moncion, the photographs of the damage to Russo's car, and the accident report admitted in evidence, did not conclusively establish Russo's negligence. The jury was presented with Russo's testimony that he was cut off by the van, and with his conflicting testimony regarding the location of the damage to his car. The jury could have reasonably concluded that even if Russo had been mistaken about the side from which the van approached, the accident could still have occurred when the van cut him off. Further, nothing in the police accident report contradicted Russo's statement that the van cut off his vehicle. The jury resolved the inconsistencies in the evidence in Russo's favor, and "great deference must be accorded to the fact-finding function of the jury" (*Salazar v Fisher*, 147 AD2d 470, 472). Contrary to the trial court's statement, Russo was under no obligation to present any evidence at the trial.

Since the record was not "replete with evidence of negligence" (*Nicastro v Park, supra,* at 137), and the jury could have reached its verdict based upon a fair interpretation of the evidence, the verdict is reinstated. Brown, J. P., Sullivan, Lawrence and Ritter, JJ., concur.