Onondaga County, Reagan, J.—Stay.) Present—Denman, P. J., Green, Pine, Balio and Fallon, JJ.

■ ALAN S. CONE, by DONALD E. CONE, His Father and Natural Guardian, Appellant, v DONALD G. WILLIAMS et al., Respondents. (Appeal No. 1.)—Judgment unanimously affirmed without costs. Memorandum: The infant plaintiff was injured when the all-terrain vehicle (ATV) he was operating collided with a vehicle owned and operated by defendants. Plaintiff appeals from a judgment entered upon a jury verdict of no cause of action in favor of defendants and from an order denying his motion for judgment notwithstanding the verdict or for a new trial. The court did not err in allowing Donald Cone, the father of the infant plaintiff, to testify that his son was not a licensed operator and that the ATV was not registered. That testimony was directly relevant to defendants' counterclaim based on negligent entrustment *(see, Nolechek v Gesuale,* 46 NY2d 332, 337). The court properly denied plaintiff's posttrial motion because the preponderance of evidence in plaintiff's favor was not so great that the verdict could not have been reached by any fair interpretation of the evidence *(see, Kuncio v Fillmore Hosp.,* 117 AD2d 975, 976, *lv denied* 68 NY2d 608). (Appeal from Judgment of Supreme Court, Allegany County, Feeman, Jr., J.—Negligence.) Present —Denman, P. J., Green, Pine, Balio and Fallon, JJ.

■ ALAN S. CONE, by DONALD E. CONE, His Father and Natural Guardian, Appellant, v DONALD G. WILLIAMS et al., Respondents. (Appeal No. 2.)—Appeal unanimously dismissed without costs *(see, Hughes v Nussbaumer, Clarke & Velzy,* 140 AD2d 988). (Appeal from Order of Supreme Court, Allegany County, Feeman, Jr., J.—Set Aside Verdict.) Present—Denman, P. J., Green, Pine, Balio and Fallon, JJ.

■ In the Matter of WILLIAM D. CRAM et al., Petitioners, v TOWN OF GENEVA et al., Respondents.—Order unanimously vacated without costs and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: Petitioners' challenge to the adoption of Ordinance No. 90-1 by the Town Board of the Town of Geneva was improperly transferred to this court by Supreme Court *(see,* Town Law § 267 [7]). Moreover, the challenge should have been asserted in a declaratory judgment action rather than a CPLR article 78 proceeding *(see, Matter of Swanick v Erie County Legislature,* 103 AD2d 1036, 1037, *appeal dismissed* 64 NY2d 1039). This court lacks jurisdiction to consider a declaratory judgment action in the absence of a proper appeal from