■ FAYE H. DANNICK, Individually and as Executrix of LIONEL I. DANNICK, Deceased, Appellant, v COUNTY OF ONONDAGA et al., Respondents. (Appeal No. 1.) [595 NYS2d 575] — Judgment unanimously affirmed without costs. Memorandum: Plaintiff's decedent was struck and killed by a car while jogging near the intersection of a County highway and Town highway in Manlius, Onondaga County. Plaintiff commenced this action against the two municipalities and the drivers of two vehicles involved in the accident. The jury apportioned liability between the two drivers, finding no liability on the

part of the municipalities. Plaintiff appeals from a judgment entered upon the jury verdict finding no cause of action against the County and Town and from an order denying plaintiff's posttrial motion for judgment notwithstanding the verdict. Plaintiff contends that the verdict was against the weight of the evidence; and that the court erred in failing to charge that defendants' statutory violations constituted negligence per se, in admitting the testimony of a defense witness, and in failing to give a missing witness charge.

The verdict is not against the weight of the evidence. A motion to set aside a jury verdict of no cause of action should not be granted unless the preponderance of the evidence in favor of the moving party is so great that the verdict could not have been reached upon any fair interpretation of the evidence *(see, Kuncio v Millard Fillmore Hosp.,* 117 AD2d 975, *lv denied* 68 NY2d 608; *Tripoli v Tripoli,* 83 AD2d 764, *affd* 56 NY2d 684). Whether to set aside a verdict is discretionary with the trial court *(Micallef v Miehle Co.,* 39 NY2d 376, 381), which should not set aside the verdict unless it is palpably irrational or wrong *(Nicastro v Park,* 113 AD2d 129, 133; *Tripoli v Tripoli, supra).* Here, the evidence supports the jury's determination apportioning liability between the two drivers while finding no liability on the part of the municipalities.

The court's charge on Vehicle and Traffic Law § 1682, while erroneous *(see, Martin v Herzog,* 228 NY 164, 168; *McConnell v Nabozny,* 110 AD2d 1060), does not require reversal. The charge was given pursuant to plaintiff's express request.

It was not error for the court to allow the testimony of defense witness George Parker. Plaintiff's attorney had the opportunity to speak to Parker prior to his testifying. Further, Parker's testimony was cumulative of abundant other proof concerning conditions at the intersection. We reject plaintiff's contention that Parker's testimony constituted inadmissible evidence of "habit" *(see generally,* Richardson, Evidence §§ 185-186 [Prince 10th ed]).

The court did not err in refusing to give a missing witness charge. Plaintiff failed to demonstrate an essential predicate for such charge, i.e., that the person was knowledgeable about a material issue in the case *(see, People v Gonzalez,* 68 NY2d 424, 427). (Appeal from Judgment of Supreme Court, Onondaga County, Nicholson, J.—Negligence.) Present—Denman, P. J., Green, Balio, Doerr and Boehm, JJ.

■ FAYE H. DANNICK, Individually and as Executrix of