■ VICTORIA CORSEL, Appellant-Respondent, v RALPH COR-

SEL, Respondent-Appellant. [613 NYS2d 82] —Judgment unanimously affirmed without costs. Memorandum: We reject the contention that Supreme Court erred in refusing to grant plaintiff's motion for a mistrial based upon the court's alleged "prejudgment" regarding maintenance. Whether to grant a mistrial is within the sound discretion of the trial court *(Hannon v Dunkirk Motor Inn,* 167 AD2d 834), and Supreme Court did not abuse its discretion in denying that relief. The statement by the court that it had ample proof of the parties' respective financial circumstances and standard of living already before it and its discouragement of the expenditure of extensive time and effort by plaintiff to obtain an increase in the maintenance award above the amount granted pendente lite did not, under the circumstances, demonstrate a "prejudgment", or deprive plaintiff of a fair trial. The court, in making an award of maintenance, carefully reviewed and fully discussed the statutory factors in Domestic Relations Law § 236 (B) (6).

We conclude that the maintenance award of $250 a week for five years and $175 a week for the remainder of plaintiff's life is proper in light of the duration of the marriage, the age and health of plaintiff, her job skills, and the court's determination of equitable distribution *(see,* Domestic Relations Law § 236 [B] [6] [a]). Defendant's contention that the court erred in refusing to consider an alleged incident of plaintiff's adultery when determining maintenance is without merit. "Although marital fault, in an appropriate case, may be a factor in fixing an award of maintenance * * * the single act of adultery alleged herein was not so egregious as to warrant its consideration" *(Corsel v Corsel,* 133 AD2d 604, 605).

The court properly considered plaintiff's age, potential earning capacity and the respective financial positions of the parties in determining that defendant was liable for a portion of plaintiff's medical costs and requiring defendant to purchase a $100,000 term life insurance policy or provide a government bond in that amount for plaintiff's benefit *(see,* Domestic Relations Law § 236 [B] [8] [a]).

In light of plaintiff's extensive efforts in rehabilitating the property, the parties' relative financial positions, and plaintiff's limited future earning capacity, plaintiff was properly awarded the entire interest in a summer home that the parties had purchased during the marriage *(see,* Domestic Relations Law § 236 [B] [5] [d]). The court also properly

awarded plaintiff $100,000 as the amount of her post-marriage contribution to the appreciation in defendant's Manhattan townhouse *(see, Price v Price,* 69 NY2d 8).

The court properly directed defendant to return the jewelry and a fur coat to plaintiff. Those items were gifts to plaintiff before the parties' marriage and were, therefore, her separate property *(see,* Domestic Relations Law § 236 [B] [1] [d]). Defendant was also properly ordered to pay plaintiff $10,000 in the event that he could not locate those items. Although the testimony regarding the value of those items was incomplete, an exact figure was impossible because the items were not available for appraisal.

Finally, the court did not abuse its discretion in the award of counsel fees *(see,* Domestic Relations Law § 237 [a]; *DeCabrera v Cabrera-Rosete,* 70 NY2d 879). (Appeals from Judgment of Supreme Court, Suffolk County, Doyle, J.—Divorce.) Present—Green, J. P., Balio, Fallon, Doerr and Boehm, JJ.