LESLIE S. KASH et al., Respondents, v JAMES A. KROEGER, Appellant. [635 NYS2d 852] —Order unanimously reversed on the law without costs and verdict reinstated. Memorandum: Defen-

dant appeals from an order granting plaintiffs' motion to set aside the jury verdict in favor of defendant and ordering a new trial. We reverse.

Although the decision by a trial court to set aside a verdict is discretionary *(Micallef v Miehle Co.,* 39 NY2d 376, 381; *Dannick v County of Onondaga,* 191 AD2d 963, 964), the court must be careful not "to overstep its bounds and 'unnecessarily interfere with the fact-finding function of the jury to a degree that amounts to an usurpation of the jury's duty' [citations omitted]" *(Nicastro v Park,* 113 AD2d 129, 133). A motion to set aside a verdict should not be granted "unless the preponderance of the evidence in favor of the moving party is so great that the verdict could not have been reached upon any fair interpretation of the evidence [citations omitted]" *(Dannick v County of Onondaga, supra,* at 964; *see, Cohen v Hallmark Cards,* 45 NY2d 493, 498-499).

Here, the jury could rationally conclude that defendant was free from negligence in the manner in which he approached and began the right turn into the driveway of Braden's store. According to the testimony of defendant, he had his right directional signal on as he went through the intersection, a distance of about 150 feet from the accident site, and was travelling at five to 10 miles an hour. He looked in his rear-view mirror, glanced over his shoulder and then slowed and began to turn into the driveway. It was then that the bicycle operated by plaintiff Leslie Sherman Kash (plaintiff) and the right side of defendant's automobile came into contact. A fair interpretation of the evidence supports the jury's conclusion that defendant acted reasonably, despite the fact that he did not see plaintiff when he looked into his rear-view mirror and over his shoulder before turning into the driveway *(see, Cone v Williams,* 182 AD2d 1102, *lv denied* 80 NY2d 758; *Bolles v County of Cattaraugus,* 162 AD2d 975). (Appeal from Order of Supreme Court, Erie County, Glownia, J.—Set Aside Verdict.) Present—Lawton, J. P., Wesley, Balio, Davis and Boehm, JJ.