■ GUY A. MAISONET et al., Respondents, v RAYMOND R. KELLY, JR., Appellant. [644 NYS2d 75] —Yesawich Jr., J. ■

This action had its genesis in an automobile accident that occurred on July 3, 1991 on State Route 32 in the Town of Newburgh, Orange County, when a car driven by plaintiff Guy A. Maisonet (hereinafter Maisonet), which had slowed or stopped in advance of making a left turn, was struck from behind by a dump truck owned by the State Department of Transportation

and driven by defendant. Following a jury trial, which culminated in a verdict in defendant's favor, Supreme Court granted plaintiffs' motion for a new trial, finding the verdict to have been against the weight of the evidence. Defendant appeals.

We reverse, for it cannot be said that the trial evidence so preponderated in favor of plaintiffs that a contrary verdict could not have been reached upon any fair interpretation of that evidence (*see, Lolik v Big V Supermarkets*, 86 NY2d 744, 746). Although a trial court has discretion to set aside a verdict on this basis (*see, Nicastro v Park*, 113 AD2d 129, 134-135), that discretion is not unbridled but must be exercised in a manner that affords due deference to the jury's role as fact-finder (*see, Wierzbicki v Kristel*, 192 AD2d 906, 907). This limitation is of particular significance where, as here, the outcome of the dispute hinges to a great extent on matters, such as credibility and the reasonableness of a party's actions, that a jury is uniquely suited to decide (*see, Doyle v Seney*, 221 AD2d 828, 829-830; *Wierzbicki v Kristel, supra*, at 908).

Applying these principles, it is apparent that plaintiffs are not entitled to the relief accorded them by Supreme Court. Defendant testified that he saw Maisonet's vehicle when he was approximately 500 feet from the intersection where the collision occurred and that he could not then tell whether the car was moving. At that time, he averred, he began slowing his truck and downshifting for a curve that lay ahead. As he approached the intersection, he had shifted from seventh gear to sixth and then to fifth, and was traveling at approximately 25 miles per hour when he noticed that Maisonet's car—which, he testified, exhibited neither illuminated brake lights nor a flashing turn signal—was stopped. He immediately "jammed on the brakes real hard" in an attempt to stop the truck, but was unable to do so before hitting the rear of Maisonet's vehicle.

The jury obviously credited this account, over the contrary testimony of Maisonet, and the record as a whole furnishes no basis for discounting its credibility assessment. Given that, it cannot be said that the circumstances facing defendant were such as to render the actions he took in response thereto negligent as a matter of law (*see, Moncion v Russo*, 173 AD2d 796, 797). To the contrary, the jury could have rationally concluded that the absence of either brake lights or an illuminated turn signal constituted sufficient explanation for defendant's failure to perceive that Maisonet's car was stopped while he still had sufficient time to avoid a collision, and that

he acted reasonably given that circumstance (*see, Kienzle v McLoughlin,* 202 AD2d 299; *Varsi v Stoll,* 161 AD2d 590, 591); that his conduct, if negligent, was not the proximate cause of the accident (*see, Doyle v Seney, supra,* at 887; *Gross v Napoli,* 216 AD2d 524, 525); or simply that plaintiffs failed to meet their burden of proving either or both of these elements by a preponderance of the evidence (*see, Nicastro v Park, supra,* at 134).

Crew III, J. P., White, Peters and Spain, JJ., concur. Ordered that the order is reversed, on the law, with costs, the motion is denied, and the jury verdict is reinstated.