■ Joseph D. Preston et al., Respondents-Appellants, v Elizabeth E. Young, Appellant-Respondent. [657 NYS2d 499] —Carpinello, J. Cross appeals from an order of the Supreme Court (Caruso, J.), entered April 2, 1996 in Schenectady County, which partially granted plaintiffs' motion to set aside the verdict and granted a new trial.

Plaintiffs commenced this action to recover for injuries allegedly sustained by plaintiff Joseph D. Preston (hereinafter plaintiff) in a June 3, 1993 automobile accident; to wit, permanent damage to his neck and cervical spine, in addition to tinnitus and hearing loss in his right ear. This matter went to the jury on questions of negligence, whether plaintiff sustained a "serious injury" as defined in Insurance Law § 5102 (d) and damages. With regard to whether plaintiff satisfied the no-

fault threshold for the injury to his right ear, separate inter-rogatories on the following categories of serious injury were submitted to the jury: (1) permanent loss of use of a body organ, member, function or system, (2) a permanent consequential limitation of use of a body organ or member, and (3) significant limitation of use of a body function or system. The jury made an affirmative finding on only the third category and then proceeded to the issue of damages, awarding $2,000 for prever-dict pain and suffering and $23,000 for future pain and suffer-ing. With respect to the latter award, the jury had previously been instructed that plaintiff's life expectancy was 23 years. The jury found that plaintiff did not sustain a serious injury to his neck and cervical spine and also denied damages to plaintiff's wife on her loss of consortium claim.

Plaintiffs moved to set aside the verdict on the ground that it was contradictory, and therefore against the weight of the evidence, and on the ground that the damages were inade-quate. Supreme Court partially granted the motion by setting aside the verdict and ordering a new trial on the ear injury and the loss of consortium claim. The court concluded that the jury's finding that the ear injury was "nonpermanent" and its failure to make any award on the consortium claim were both against the weight of the evidence. Supreme Court denied that portion of plaintiffs' motion seeking to set aside the jury's find-ing of no serious injury with respect to plaintiff's neck and cervical spine. Defendant appeals from those portions of the court's order which set aside the verdict as against the weight of the evidence and plaintiffs cross-appeal from so much thereof as denied their motion.

Upon our review of the record, we find that the verdict is not against the weight of the evidence. To this end, the proper in-quiry is whether " ' "the evidence so preponderate[d] in favor of the [movant] that [the verdict] could not have been reached on any fair interpretation of the evidence" ' " (*Lolik v Big V Supermarkets*, 86 NY2d 744, 746, quoting *Moffatt v Moffatt*, 86 AD2d 864, *affd* 62 NY2d 875; *see, Grassi v Ulrich*, 87 NY2d 954, 956). There was sufficient evidence to support the jury's finding that plaintiff did not sustain a serious injury to his neck and cervical spine. Although there was some evidence of plaintiff's subjective complaints of occasional pain and limita-tion of motion with regard to his neck, the alleged injury in no way hindered plaintiff's ability to perform his job as a fire-fighter, a job, as the jury heard, which can be dangerous and which requires plaintiff to be in good physical condition and to engage in "serious physical work". Despite the alleged injury

to his neck and cervical spine, plaintiff admitted that he could perform his job and that he would not go to work if he was in any way disabled, as that would put himself and his fellow firefighters in peril. On this issue, we cannot say that the evidence so preponderated in favor of plaintiffs that the finding could not have been reached on any fair interpretation of the evidence (*see, e.g., Kaiser v Edwards*, 98 AD2d 825). Accordingly, Supreme Court did not err in refusing to set aside this portion of the jury's verdict.

We believe that Supreme Court did err, however, in setting aside the verdict with respect to plaintiff's injury to his right ear. It is undisputed that plaintiff was diagnosed with tinnitus, which is a subjective sensation of buzzing or ringing. According to Dominick Paonessa, an otolaryngologist who examined plaintiff for the first time one year after the accident, plaintiff's tinnitus and partial hearing loss were causally related to the June 3, 1993 accident. Although Paonessa opined that plaintiff had suffered a permanent consequential limitation of the use of his right ear, a permanent loss of use of his right ear and a significant limitation of use of his right ear, the jury was free to accept or reject any or all of these opinions (*see, Galimberti v Carrier Indus.*, 222 AD2d 649, 650; *Mechanick v Conradi*, 139 AD2d 857, 859).

The jury, after evaluating the testimony of Paonessa and the audiologist who performed tests on plaintiff's ears, concluded that the injury to his right ear constituted a "significant limitation". This finding is amply supported by the facts and is consistent with Supreme Court's charge on this issue. Plaintiff's hearing loss was for high pitches, correctable with the use of a hearing aid, and did not hinder his ability to hear normal conversations. Further, Paonessa testified that tinnitus is a subjective ailment and did not disable plaintiff from his job as a firefighter.

In setting aside the verdict with respect to this injury, Supreme Court interpreted the jury's verdict as incorporating a finding that this injury was "nonpermanent". We note, however, that the finding of a "significant limitation" by the jury does not necessarily mean that the jury also found that such injury was nonpermanent (*see, Sescila v Garine*, 225 AD2d 684).\* In its charge to the jury on this category of serious injury, Supreme Court stated: "[A] limitation of use of a body

---

\* "Fundamentally, a jury's finding that the plaintiff sustained an injury within *any* of the categories set forth in Insurance Law § 5102 (d) satisfies the no-fault threshold, thereby *eliminating that issue* from the case and permitting the plaintiff to recover any damages proximately caused by the

system or function means that the system or function does not operate at all or operates only in some limited way. *It is not necessary for you to find that there has been a total loss of the body function or system, or that the limitation of use is permanent.* However, the limitation of use must be significant meaning that the loss is important or meaningful. A minor, mild or slight limitation of use is not significant" (emphasis supplied).

A permanent injury is not excluded from this definition. Thus, although it was not necessary for the jury to find that the limitation of use was permanent, the jury could have found that the injury was permanent and that it fell within the definition of a significant limitation of use. The jury's assessment of future damages based upon plaintiff's life expectancy was not inconsistent with this conclusion. In addition, we note that this issue has not been properly preserved for review (*see, Grzesiak v General Elec. Co.*, 68 NY2d 937, 938-939; *Barry v Manglass*, 55 NY2d 803, 806). Plaintiffs failed to raise the purported inconsistencies before the jury was discharged (*compare, Peters v Port Auth. Trans-Hudson Corp.*, 234 AD2d 205), depriving Supreme Court and the jury of the opportunity to take corrective action on the allegedly inconsistent verdict (*see, e.g., Grzesiak v General Elec. Co., supra; Barry v Manglass, supra; Sluzar v Nationwide Mut. Ins. Co.*, 223 AD2d 785, 786; *Strauss v Huber*, 161 AD2d 629; *but see, Vera v Bielomatik Corp.*, 199 AD2d 132). Under these circumstances we must find that Supreme Court erred in setting aside the verdict on this issue.

Turning to the issue of damages, the amount awarded as damages for personal injuries is a factual question for the jury and considerable deference must be given to its interpretation of the evidence (*see, Raucci v City School Dist.*, 203 AD2d 714, 716). This factual matter is left to a jury's common sense and judgment and with due regard to evidence presented at trial, including the demeanor and testimony of all witnesses (*see, Murphy v Lewry*, 235 AD2d 968; *Raucci v City School Dist., supra*). Only where an award deviates materially from what would be reasonable compensation (*see,* CPLR 5501 [c]) will this Court exercise its discretion and disturb such an award. We decline to disturb the jury's evaluation of damages in this case.

The injury to plaintiff's right ear did not warrant any hospitalization or invasive medical treatment and was correctable with a hearing aid, nor did it affect plaintiff's employment or produce pain. While plaintiffs correctly assert that a review

accident" (*Kelley v Balasco*, 226 AD2d 880 [emphasis supplied]; *see, Matula v Clement*, 132 AD2d 739, 740, *lv denied* 70 NY2d 610).

of other appellate determinations can aid in assessing whether an award deviates from what has otherwise been deemed reasonable compensation, the cases relied upon by plaintiffs (*see, Levine v East Ramapo Cent. School Dist.*, 192 AD2d 1025; *Chiplock v Niagara Mohawk Power Corp.*, 134 AD2d 96, *lv denied* 71 NY2d 805; *McGinnis v Town of Rotterdam*, 105 AD2d 562) are each distinguishable and do not warrant an additur of damages in this case. Finally, upon our review of the evidence adduced at trial, the jury's decision not to award damages on the loss of consortium claim is not against the weight of the evidence (*see, e.g., Skoy v Hoexter*, 139 AD2d 724).

Casey, J. P., Peters and Spain, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as partially granted plaintiffs' motion setting aside the jury verdict; said motion denied and jury verdict reinstated; and, as so modified, affirmed.