■ John Texido et al., Appellants, v S & R Car Rentals Toronto, Ltd., et al., Respondents. (Appeal No. 1.) [665 NYS2d 179] —Judgment unanimously affirmed without costs. Memorandum: Supreme Court properly denied plaintiffs' motion to set aside the jury verdict in favor of defendants in this personal injury action. "A motion to set aside a jury verdict of no cause of action should not be granted unless the preponderance of the evidence in favor of the moving party is so great that the verdict could not have been reached upon any fair interpretation of the evidence" (*Dannick v County of Onondaga*, 191 AD2d 963, 964; *see, Cohen v Hallmark Cards*, 45 NY2d 493, 498-499). In this case, the jury could rationally conclude that defendant Janet M. Wolfe was not negligent in the manner in which she drove her rental car into the intersection. The jury was entitled to credit her testimony that the traffic light was yellow rather than red when she entered the intersection. Thus, a fair interpretation of the evidence supports the jury's verdict (*see, Cone v Williams* [appeal No. 1], 182 AD2d 1102, *lv denied* 80 NY2d 758; *Bolles v County of Cattaraugus*, 162 AD2d 975, *rearg granted* 166 AD2d 931).

The court also properly denied plaintiffs' motion to vacate the judgment on the grounds of newly discovered evidence and fraud (*see,* CPLR 5015 [a] [2], [3]). Plaintiffs failed to establish that the evidence in question, photographs of Wolfe and the passenger in her vehicle, could not have been obtained earlier with the exercise of due diligence (*see,* CPLR 5015 [a] [2]; *Travelers Ins. Cos. v Howard E. Conrad, Inc.*, 233 AD2d 890). In any event, that evidence would "merely undermine[ ] the credibility of an adverse witness" and thus is insufficient to warrant a new trial on the ground of newly discovered evidence (*Gonzalez v Chalpin*, 233 AD2d 367). With respect to plaintiffs' allegations of fraud, credibility issues are insufficient

to warrant a new trial on the ground of "fraud, misrepresentation, or other misconduct" (CPLR 5015 [a] [3]).

We have examined plaintiffs' remaining contentions and conclude that they are lacking in merit. (Appeal from Judgment of Supreme Court, Erie County, Mintz, J.—Negligence.) Present—Pine, J. P., Lawton, Hayes, Wisner and Fallon, JJ.