to warrant a new trial on the ground of "fraud, misrepresentation, or other misconduct" (CPLR 5015 [a] [3]).

We have examined plaintiffs' remaining contentions and conclude that they are lacking in merit. (Appeal from Judgment of Supreme Court, Erie County, Mintz, J.—Negligence.) Present—Pine, J. P., Lawton, Hayes, Wisner and Fallon, JJ.

■ JOHN TEXIDO et al., Appellants, v S & R CAR RENTALS TORONTO, LTD., et al., Respondents. (Appeal No. 2.) [668 NYS2d 112] —Appeal unanimously dismissed without costs (*see, Smith v Catholic Med. Ctr.*, 155 AD2d 435; *see also*, CPLR 5501 [a] [1]). (Appeal from Order of Supreme Court, Erie County, Mintz, J.—Set Aside Verdict.) Present—Pine, J. P., Lawton, Hayes, Wisner and Fallon, JJ.

■ JOHN TEXIDO et al., Appellants, v S & R CAR RENTALS TORONTO, LTD., et al., Respondents. (Appeal No. 3.) [668 NYS2d 112] —Order unanimously affirmed without costs. Same Memorandum as in *Texido v S & R Car Rentals Toronto* (244 AD2d 949 [decided herewith]). (Appeal from Order of Supreme Court, Erie County, Mintz, J.—Vacate Judgment.) Present— Pine, J. P., Lawton, Hayes, Wisner and Fallon, JJ.

■ CANDY MONO, Appellant, v ROBIN R. LONGAMORE et al., Respondents. [668 NYS2d 118] —Appeal unanimously dismissed without costs (*see, Empire Ins. Co. v Food City*, 167 AD2d 983, 984). (Appeal from Order of Supreme Court, Jefferson County, Gilbert, J.—Reargument.) Present—Pine, J. P., Lawton, Hayes, Wisner and Fallon, JJ.

■ In the Matter of DORIS R. GRISWALD, Petitioner, v VILLAGE OF PENN YAN, Respondent. [665 NYS2d 177] —Determination unanimously modified on the law and as modified confirmed without costs in accordance with the following Memorandum: In this CPLR article 78 proceeding, petitioner challenges the determination of the Board of Trustees (Board) of respondent that real property that she owns in the Village of Penn Yan constitutes a public nuisance. As a preliminary matter, we reject respondent's contention that the petition should be dismissed because it was not served on respondent "at least twenty days before the time at which the petition is noticed to be heard", as required by CPLR 7804 (c). In the absence of prejudice to respondent, which was served with the petition 18 days before the return date and had ample time to prepare an answer, we disregard the defect as a mere irregularity and reach the merits of this dispute (*see*, CPLR 2001; *Matter of Marmo v Department of Envtl. Conservation*, 134 AD2d 260, 261; *Matter of Brown v Casier*, 95 AD2d 574, 576-577).