■ PATRICIA A. BETIT, Appellant, v SANDRA L. WEEDEN, Respondent. [674 NYS2d 822] —Cardona, P. J. Appeal from an order and judgment of the Supreme Court (Canfield, J.), entered February 4, 1997 in Rensselaer County, which denied plaintiff's motion to set aside a verdict rendered in favor of defendant.

Plaintiff commenced this negligence action to recover damages for personal injuries sustained on June 14, 1992, when the vehicle in which she was riding as a front-seat passenger was struck on the driver's side by defendant's vehicle in the Village of Hoosick Falls, Rensselaer County. Prior to commencement of the trial, defendant admitted negligence. The action proceeded on the remaining issues of proximate cause, serious injury and damages. At the conclusion of the trial, the jury found that plaintiff failed to establish that her injuries were proximately caused by defendant's negligence and returned a verdict in favor of defendant. Plaintiff moved to set the verdict aside on the ground that it was against the weight of the evidence. Supreme Court denied the motion and this appeal ensued.

Plaintiff's chief complaint at trial was an internal derangement of her right temporomandibular joint (hereinafter TMJ) located in front of the ear where the lower jaw hinges to the skull, which she alleged caused a degenerative arthritic condition and pain in her jaw. Plaintiff testified that she could not recall whether her body came into contact with the interior of the car, however, and stated that there was no bruising to her face and neck area nor bleeding from any part of her body.

Plaintiff first sought medical treatment eight days after the accident and was examined by her primary care physician, Theresa Dranginis, who noted in her report that plaintiff was edentulous and only had false teeth in her upper jaw. Dranginis also reported: "TMJ syndrome, question secondary to absent lower teeth versus exacerbated by recent motor vehicle accident." Plaintiff testified that she had worn her dentures for 25 years prior to the trial but did not have any dental treatment during that entire time and had not worn her lower dentures for some 18 to 20 years prior to the accident. In September 1992, after her visit to Dranginis, plaintiff treated with Robert Gould, an oral surgeon. Gould placed implants in her lower jaw and fitted her with new upper and lower dentures.

Plaintiff was subsequently treated by Carmen Fasulo, an oral maxillofacial surgeon who first saw her in June 1995. Plaintiff had five sessions of myofacial release therapy (electrical muscle stimulation) with Fasulo during March and April 1996 and he also constructed an orthopedic bite device or splint for her to wear over her dentures. Fasulo referred plaintiff to another dentist who prepared a new set of dentures for her in September or October 1996.

Fasulo testified that the accident was a probable cause of both the internal derangement of plaintiff's right TMJ and the associated pain. However, on cross-examination, Fasulo admitted that he had no way of knowing whether plaintiff had degenerative arthritic activity in her right TMJ prior to the car accident. His knowledge of plaintiff's dental history was not clear. However, he did express the opinion that after a 25-year hiatus in dental treatment, a person's gums and jaw could change and old dentures might not fit properly. He related that he was initially led to believe that the accident involved a rear-end collision with plaintiff's automobile.

Plaintiff called another oral surgeon, Robert Liebers, who had examined plaintiff at defendant's request. At the time of his examination, Liebers noted that plaintiff was wearing full upper and lower dentures that appeared to be serviceable. At that time, plaintiff could open her mouth "fairly close to normal" but only with discomfort. While the X rays he took showed no abnormalities, Liebers nevertheless concurred with Fasulo that plaintiff had some TMJ disease, possible internal derangement on the right and severe pain in the muscles of masticulation. Liebers also acknowledged that a person's jaws and gums change over time. He admitted that plaintiff never told him that she had worn dentures for 22 years prior to the

accident, had not seen a dentist during that period and had not worn her lower dentures for 18 to 20 years prior to the accident. He also conceded that his diagnosis and findings relied upon the veracity of plaintiff's subjective accounts of the degree and locations of her pain. Furthermore, Liebers indicated in his report that plaintiff's pain could also be attributed to such other factors as delay in treatment and stress in her life. He did emphasize, however, that he found no evidence of TMJ prior to the car accident in plaintiff's medical records.

The standard utilized for determining a motion to set aside a verdict as against the weight of the evidence is whether the trial evidence "so preponderated in favor of [the movant] that a contrary verdict could not have been reached upon any fair interpretation of that evidence" (*Maisonet v Kelly*, 228 AD2d 780, 781; *see*, *Grassi v Ulrich*, 87 NY2d 954, 956; *Lolik v Big V Supermarkets*, 86 NY2d 744, 746; *Durkin v Peluso*, 184 AD2d 940). Partly because the outcome of this case turned upon plaintiff's credibility, an assessment which the jury was "uniquely suited to decide" (*Maisonet v Kelly, supra*, at 781), and because the jury was free to accept or reject the medical experts' opinions (*see*, *Preston v Young*, 239 AD2d 729; *Galimberti v Carrier Indus.*, 222 AD2d 649, 650; *Mechanick v Conradi*, 139 AD2d 857, 859), which we note did not go unchallenged (*see*, *Mechanick v Conradi, supra*, at 859), we cannot say that there was insufficient evidence for the jury to conclude that plaintiff's TMJ condition was not caused by the accident. Therefore, it cannot be said that the jury's verdict in favor of defendant was not supported by a fair interpretation of the evidence. Accordingly, we find that Supreme Court did not err in its refusal to set aside the verdict.

Mercure, White and Spain, JJ., concur. Ordered that the order and judgment is affirmed, with costs.