■ SHIRLEY A. SAVAGE, Appellant, v DONALD SNELL, Respondent. [683 NYS2d 648] —Spain, J. Appeals (1) from a judgment of the Supreme Court (Ferradino, J.), entered July 16, 1997 in Fulton County, upon a verdict rendered in favor of defendant, and (2) from an order of said court, entered July 24, 1997 in Fulton County, which denied plaintiff's motion to set aside the jury verdict.

On August 14, 1992, plaintiff was driving in the City of Gloversville, Fulton County, when, in the course of making a left turn, her car was hit broadside by a motor vehicle driven by defendant. Plaintiff commenced the instant negligence action alleging that she had suffered a "serious injury" within the meaning of Insurance Law § 5102 (d). After a jury trial resulting in a verdict in favor of defendant, Supreme Court denied plaintiff's motion to set aside the jury verdict as against the weight of the evidence and these appeals ensued.

A verdict in favor of a defendant, particularly in the context of a negligence action, will only be set aside as against the weight of the evidence if it can be shown that a preponderance of the proof presented at trial so strongly favored the plaintiff's case "that a contrary verdict could not have been reached upon any fair interpretation of that evidence" (*Maisonet v Kelly*, 228 AD2d 780, 781; *see, Texido v S & R Car Rentals Toronto*, 244 AD2d 949, *lv dismissed in part, lv denied in part* 91 NY2d 938). Our review of the record herein leads us to the conclusion that the jury's verdict was supported by the evidence.

While plaintiff's medical experts generally opined that she had suffered a "serious injury" within the meaning of the Insurance Law, it was the opinion of the physician who testified on behalf of defendant that the injuries to plaintiff's neck and shoulder had been sustained as the result of two previous motor vehicle accidents; and that it was these injuries, together with plaintiff's congenital scoliosis and arthritis, that had left her with the chronic problems for which she sought to hold defendant liable. Notably, as to the third theory under which plaintiff's injuries could be considered serious (*see,* Insurance Law § 5102 [d]), defendant's expert opined that while plaintiff might not have been able to do all of her usual activities for 90 of the 180 days following her accident with defendant, she was not prevented from engaging in "substantially all" of them during this period (Insurance Law § 5102 [d]). As the trier of fact in this matter, the jury's role was to weigh the conflicting medical testimony and, if necessary, to credit the opinion evidence of one expert witness over that of another (*see, Preston v Young*, 239 AD2d 729). Our review discloses that the jury's verdict

constituted a fair interpretation of the evidence and we conclude that Supreme Court did not abuse its discretion by declining to disturb it (*see, Betit v Weeden*, 251 AD2d 930).

Mikoll, J. P., Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the judgment and order are affirmed, with costs.