■ LOUIS EVERDING et al., Respondents, v PAT J. BOMBARD, Appellant. [707 NYS2d 586] —Judgment and order unanimously affirmed without costs. Memorandum: Plaintiffs commenced this private nuisance action against defendant seeking, *inter alia*, to recover damages caused by the flooding of their property, and a jury returned a verdict in their favor. Defendant thereafter cross-moved pursuant to CPLR 4404 (a) for judgment notwithstanding the verdict or an order setting aside the verdict as against the weight of the evidence and granting a new trial on all issues or, alternatively, on the issue of apportionment of liability.

Supreme Court properly denied that part of defendant's cross motion seeking judgment notwithstanding the verdict. "In seeking this relief, defendant faces the lofty hurdle of showing that 'there is simply no valid line of reasoning and permissible inferences which could possibly lead rational [persons] to the conclusion reached by the jury on the basis of the evidence presented at trial' " (*Adamy v Ziriakus*, 92 NY2d 396, 400, quoting *Cohen v Hallmark Cards*, 45 NY2d 493, 499). Here, plaintiffs presented evidence from which the jury could have rationally inferred that defendant knew that diverting surface water runoff from his land in a particular direction was substantially certain to create flooding problems for downhill property owners such as plaintiffs.

Further, the court properly denied that part of defendant's cross motion seeking to set aside the verdict as against the weight of the evidence. Such a motion "should not be granted unless the preponderance of the evidence in favor of the moving party is so great that the verdict could not have been reached upon any fair interpretation of the evidence" (*Dannick v County of Onondaga*, 191 AD2d 963, 964; *see, McGruder v Gray* [appeal No. 1], 265 AD2d 822; *Kash v Kroeger*, 222 AD2d 1101, 1102). A fair interpretation of the evidence supports the jury's conclusion that topographical changes made by defendant to his property caused flooding on plaintiffs' property.

By failing to object to the alleged inconsistency of the verdict before the jury was discharged, defendant failed to preserve for our review his present contention that the verdict is inconsistent (*see, Barry v Manglass*, 55 NY2d 803, 806, *rearg denied* 55 NY2d 1039; *McEwen v Akron Fire Co.*, 251 AD2d 1044). Contrary to defendant's contention, the jury's verdict is not a compromise verdict, i.e., the jury's award of damages is not "inexplicably low" (*Woods v J. R. Liqs.*, 86 AD2d 546, 547; *cf., Patrick v New York Bus Serv.*, 189 AD2d 611).

Lastly, we reject the contention of defendant that the refusal of the court to grant his motion for a mistrial constitutes reversible error or, in the alternative, provides a further ground for this Court to set aside the jury verdict and grant defendant a new trial. Although a motion for a mistrial is directed to the sound discretion of the trial court (*see, Harris v Village of E. Hills*, 41 NY2d 446, 451; *Corsel v Corsel*, 204 AD2d 1076; *see generally, Stone v Hidle*, 266 AD2d 705), "denial of a mistrial motion is reversible error where it appears that the motion should have been granted to prevent a substantial possibility of injustice" (*Hannon v Dunkirk Motor Inn*, 167 AD2d 834). Here, the record establishes that the denial of the motion did not create a substantial possibility of injustice. (Appeal from Judgment and Order of Supreme Court, Onondaga County, Nicholson, J.—Nuisance.) Present—Hayes, J. P., Wisner, Hurlbutt, Scudder and Kehoe, JJ.