■ In the Matter of PAUL VASQUEZ, Petitioner, v GLENN S. GOORD, as Commissioner of the Department of Correctional Services, Respondent. [710 NYS2d 561] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner, a prison inmate, was found guilty of creating a disturbance, refusing a direct order and making threats. The misbehavior report alleged that petitioner was noticed playing with a soccer ball that had been locked up. When petitioner was questioned about the ball, he answered in an hostile manner. After becoming agitated, petitioner was ordered to comply with a pat frisk. Petitioner refused to comply and was asked again. He thereafter acquiesced.

Petitioner contends that the correction officer was not authorized to conduct a pat frisk. We reject this contention. As a prison inmate, petitioner was required to promptly obey all orders even if he disagreed with them (see, Matter of Batten v Goord, 258 AD2d 794). Moreover, petitioner's assertion that he was denied effective employee assistance because his assistant failed to procure certain witnesses and documentary evidence is meritless.

Petitioner further argues that the hearing should not have commenced until 24 hours after his assistance had been completed. We disagree. The rule states that a hearing is not to begin until 24 hours after petitioner's first meeting with the assistant (see, 7 NYCRR 254.6 [a]; Matter of Arce v Selsky, 268 AD2d 724). We have reviewed the remaining contentions, including petitioner's claim of Hearing Officer bias and hearing untimeliness, and conclude that they lack merit.

Cardona, P. J., Crew III, Graffeo, Mugglin and Rose, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.