■ SANDRA M. LEVIN, Respondent, v JOSEPH L. CARBONE, Individually and Doing Business as ROCHESTER FOOT CARE ASSOCIATES, Appellant. (Appeal No. 1.) [715 NYS2d 557] —Order and judgment reversed on the law without costs, motions denied and verdict reinstated. Memorandum: Defendant contends that Supreme Court erred in setting aside the jury's verdict and directing a verdict on liability in plaintiff's favor. We agree.

Defendant performed surgery on plaintiff to remove a neuroma on her foot. The surgical wound subsequently became infected. Plaintiff commenced this medical malpractice action alleging that defendant's failure to diagnose the infection was below acceptable podiatric standards. Defendant established at trial that the surgical wound opened because of overuse, not infection. The jury returned a verdict of no cause of action.

The court granted plaintiff's motion for a directed verdict based on defendant's failure to take an adequate history. For the court to conclude as a matter of law that the jury verdict was not supported by sufficient evidence, it was first necessary to conclude that there was "no valid line of reasoning and permissible inferences which could possibly lead rational [persons] to the conclusion reached by the jury on the basis of the evidence presented at trial" (*Cohen v Hallmark Cards*, 45 NY2d 493, 499). Defendant and plaintiff were social acquaintances, and thus defendant was aware of plaintiff's level of activity. It therefore was rational for the jury to credit the testimony of defendant that plaintiff's surgical wound showed no signs of infection but rather opened because of overuse. Consequently, the court erred in granting plaintiff's motion for a directed verdict.

The court further erred in determining that the verdict should be set aside as against the weight of the evidence, which, in any event, would result in a new trial rather than a directed verdict (*see, Augustine v Dandrea*, 274 AD2d 962). "A motion to set aside a jury verdict of no cause of action should not be granted 'unless the preponderance of the evidence in favor of the moving party is so great that the verdict could not have been reached upon any fair interpretation of the evidence'" (*McLoughlin v Hamburg Cent. School Dist.*, 227 AD2d 951, *lv denied* 88 NY2d 813, quoting *Dannick v County of Onondaga*, 191 AD2d 963, 964; *see also, Kash v Kroeger*, 222 AD2d 1101). Here, underlying facts were in dispute and resolution of the issues before the jury turned on the credibility of witnesses. A fair interpretation of the evidence supports the jury's finding

that defendant acted within acceptable podiatric standards. We therefore reverse the order and judgment, deny plaintiff's motions and reinstate the verdict.

All concur except Green, J. P., who dissents in part and votes to modify in the following Memorandum.

Green, J. P. (dissenting in part). I respectfully dissent in part. I agree that Supreme Court erred in directing a verdict on liability in plaintiff's favor. I do not agree with the majority that the jury's verdict of no cause of action should be reinstated. Defendant admitted that he failed to take a history from plaintiff to determine when and how the wound had reopened. All of the experts who testified with respect to that failure agreed that the acceptable podiatric standard of care required testing when confronted with a causally unknown reopening of the surgical wound accompanied by swelling, redness, and increased pain, all symptoms presented by plaintiff. On this record, the preponderance of the evidence in favor of plaintiff was so great that the verdict of no cause of action could not have been reached upon any fair interpretation of the evidence (*see, Dannick v County of Onondaga,* 191 AD2d 963, 964; CPLR 4404 [a]). I would therefore modify the order and judgment by granting a new trial also on liability. (Appeal from Order and Judgment of Supreme Court, Monroe County, Polito, J.— Negligence.) Present—Green, J. P., Pine, Hayes, Scudder and Lawton, JJ.