■ DARRELL H. CLAUSE, JR., et al., Appellants, v E.I. DU PONT DE NEMOURS & COMPANY et al., Respondents. SCRUFARI CONSTRUCTION CO., INC., Third-Party Plaintiff, v HIGGINS ERECTORS & HAULERS, INC., Third-Party Defendant-Respondent. [726 NYS2d 317] —Order unanimously modified on the law and as modified affirmed with costs to plaintiffs in accordance with the following Memorandum: Plaintiffs commenced this action to recover damages for personal injuries sustained by Darrell H. Clause, Jr. (plaintiff) in an accident at a construction site owned by defendant E.I. du Pont De Nemours & Company. Defendant Scrufari Construction Co., Inc. was the general contractor on the project, and plaintiff's employer, third-party defendant, Higgins Erectors & Haulers, Inc. (Higgins), was a subcontractor. Plaintiff was injured while being transported to the worksite in the bed of a pickup truck owned by Higgins and operated by a co-worker. The truck drove over railroad tracks that had a sharp drop, resulting in an injury to plaintiff's back. After a trial at which there was conflicting expert

testimony concerning the applicability of 12 NYCRR 23-9.7 (e) as well as conflicting medical testimony, the jury returned a verdict finding that there was a violation of Labor Law § 241 (6) and that the violation was a substantial factor in causing plaintiff's injuries. The jury also found that Higgins was negligent and that its negligence was a substantial factor in causing plaintiff's injuries. The jury awarded plaintiff damages for medical expenses and past and future lost wages, but failed to award him any damages for past and future pain and suffering. The jury also failed to award plaintiff's wife any damages on her derivative claim. Plaintiffs made a posttrial motion pursuant to CPLR 4404 to set aside those portions of the verdict that awarded plaintiff no damages for past and future pain and suffering and awarded his wife no damages on her derivative claim on the grounds that those portions of the verdict are inconsistent and contrary to the weight of the evidence. Defendants moved and Higgins cross-moved to set aside the verdict and enter judgment in their favor or, in the alternative, for a new trial on the issues of liability and damages.

We agree with plaintiffs that Supreme Court abused its discretion in granting defendants' motions, setting aside the jury's verdict finding a violation of Labor Law § 241 (6) and that the violation was a substantial cause of plaintiff's injuries and granting a new trial on liability and damages (*see generally, Micallef v Miehle Co.*, 39 NY2d 376, 381; *Dannick v County of Onondaga*, 191 AD2d 963, 964). The Labor Law § 241 (6) claim was premised on an alleged violation of 12 NYCRR 23-9.7 (e), which has been held to be sufficiently specific to support such a claim (*see, Borowicz v International Paper Co.*, 245 AD2d 682, 684; *cf., Vargas v State of New York*, 273 AD2d 460, 461). At trial, plaintiffs presented expert testimony that the method of transportation used on the day of the accident did not comply with section 23-9.7 (e). Although defendants presented expert testimony to the contrary, the verdict in favor of plaintiffs on the issue of liability under Labor Law § 241 (6) is not against the weight of the evidence, i.e., it cannot be said that " 'the preponderance of the evidence in favor of the moving part[ies] is so great that the verdict could not have been reached upon any fair interpretation of the evidence' " (*Kash v Kroeger*, 222 AD2d 1101, 1102, quoting *Dannick v County of Onondaga, supra*, at 964; *see, Kuncio v Millard Fillmore Hosp.*, 117 AD2d 975, 976, *lv denied* 68 NY2d 608). "In a case such as this, involving the conflicting testimony of expert witnesses, it is within the province of the jury to determine which testimony is to be believed and great deference is accorded that determination" (*McClain v Lockport Mem. Hosp.*, 236 AD2d 864, 865,

*lv denied* 89 NY2d 817; *see, Mayer v Oswego County Ob-Gyn,* 207 AD2d 985, 986). We further agree with plaintiffs that the court abused its discretion in granting Higgins' cross motion. The verdict finding that Higgins was negligent and that its negligence was a substantial factor in causing plaintiff's injuries is not against the weight of the evidence. In addition, where, as here, there was conflicting medical evidence concerning the competent producing cause of plaintiff's injury, "it is for the jury to weigh the conflicting medical evidence and credit the opinion of one expert over that of another" (*Howe v Wilkinson,* 275 AD2d 876, 876-877; *see, Rivera v Majuk,* 263 AD2d 841).

We also agree with plaintiffs that the jury's failure to award damages to plaintiff for his past and future pain and suffering deviates materially from what would be reasonable compensation (*see,* CPLR 5501 [c]). "The jury's verdict awarding plaintiff damages for medical expenses and lost wages indicates that the jury found a causal connection between plaintiff's [accident] * * * and plaintiff's injuries. Where the evidence establishes that plaintiff suffered an injury requiring medical treatment and resulting in other consequences, 'the jury's failure to award damages for pain and suffering is contrary to a fair interpretation of the evidence and constitutes a material deviation from what would be reasonable compensation' " (*Kriesel v May Dept. Stores Co.,* 261 AD2d 837, quoting *Kennett v Piotrowski,* 234 AD2d 983, 984). Thus, plaintiff is entitled to a new trial on damages for past and future pain and suffering (*see, Kriesel v May Dept. Stores Co., supra,* at 837). We further conclude, however, that the jury's failure to award damages to plaintiff's wife on her derivative cause of action is not contrary to the weight of the evidence.

Therefore, we modify the order by granting plaintiffs' motion in part and setting aside the verdict insofar as it awarded plaintiff no damages for past and future pain and suffering, by providing that a new trial is granted on damages for past and future pain and suffering only, and by denying the motions of defendants and the cross motion of Higgins. (Appeal from Order of Supreme Court, Niagara County, Koshian, J.—Set Aside Verdict.) Present—Pigott, Jr., P. J., Pine, Wisner, Kehoe and Burns, JJ.