effective assistance of counsel" (*People v Marcial*, 41 AD3d 1308, 1309 [2007], *lv denied* 9 NY3d 878 [2007]). Finally, the sentence is not unduly harsh or severe. Present—Centra, J.P., Peradotto, Carni, Lindley and Sconiers, JJ.

■ THERESA OVERHOFF, Appellant, v BAUER SERVICE, INC., Respondent. (Appeal No. 1.) [934 NYS2d 919]—

Memorandum: Plaintiff commenced this action seeking damages for injuries that she sustained when she fell upon stepping in a gap in the concrete at a service station owned and operated by defendant. The jury returned a verdict of no cause of action, and Supreme Court denied plaintiff's post-trial motion to set aside the verdict as against the weight of the evidence and for a new trial. Contrary to plaintiff's contention, the verdict is not against the weight of the evidence, i.e., it cannot be said that "the preponderance of the evidence in favor of [plaintiff] is so great that the verdict could not have been reached upon any fair interpretation of the evidence" (*Dannick v County of Onondaga*, 191 AD2d 963, 964 [1993]; *see generally Lolik v Big V Supermarkets*, 86 NY2d 744, 746 [1995]). Present—Centra, J.P., Peradotto, Carni, Lindley and Sconiers, JJ.

■ THERESA OVERHOFF, Appellant, v BAUER SERVICE, INC., Respondent. (Appeal No. 2.) [935 NYS2d 517]—

It is hereby ordered that said appeal is unanimously dismissed without costs (*see Smith v Catholic Med. Ctr. of Brooklyn & Queens*, 155 AD2d 435 [1989]; *see also* CPLR 5501 [a] [1], [2]). Present—Centra, J.P., Peradotto, Carni, Lindley and Sconiers, JJ.

■ RICHARD N. AMES, Respondent, v ROBERT JAMES SHUTE, Appellant. [936 NYS2d 586]—