■ MARGARET SMITH, Appellant-Respondent, v CATHOLIC MEDICAL CENTER OF BROOKLYN & QUEENS, INC., et al., Respondents-Appellants.—In an action to recover damages for personal injuries resulting from medical malpractice and battery, the parties cross-appeal (1) from an order of the Supreme Court, Queens County (Rosenzweig, J.), dated May 9, 1988, which denied their respective motions to set aside certain of the jury's findings, and (2) from a judgment of the same court, entered May 9, 1988, which, upon a jury verdict, is in favor of the plaintiff and against the defendants on the issue of liability, and, after a setoff of $350,000 which the plaintiff received from a settling tort-feasor, awards the plaintiff no damages.

Ordered that the appeal from the order is dismissed, without costs or disbursements; and it is further,

Ordered that the judgment is affirmed, without costs or disbursements.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

Under the circumstances of this case, we conclude that the trial court submitted the appropriate theories of liability to the jury for their consideration.

Contrary to the plaintiff's contention the trial court did not commit error in refusing to charge the jury regarding the plaintiff's lack of culpable conduct, since it was not an issue in the case *(see, Niedelman v Jacoby,* 127 AD2d 640; *Chodos v Flanzer,* 109 AD2d 771).

Moreover, it cannot be said that the trial court erred in failing to advise the plaintiff's counsel regarding a reasonable sum he could suggest to the jury *(cf., Braun v Ahmed,* 127 AD2d 418). The record establishes that the plaintiff's counsel refused to suggest a reasonable figure to the court. Under the circumstances, the trial court was not obligated to provide the plaintiff's counsel with a reasonable figure *(see, Braun v Ahmed, supra)*. In any event, the plaintiff was not prejudiced by the omission since her attorney ultimately did allude to an amount in summation.

Lastly, we agree with the trial court that the jury verdict was proper *(see, Reger v Long Is. R. R. Co.,* 145 AD2d 618; *Gines v Maimonides Med. Center,* 137 AD2d 582). Lawrence, J. P., Rubin, Balletta and Rosenblatt, JJ., concur.