unanimously affirmed. Memorandum: The sentencing court did not abuse its discretion in resentencing defendant upon his conviction for a violation of probation without requiring an updated presentence investigation report. The declaration of delinquency and reports submitted by his probation officer concerning the activities of defendant after his admission that he violated probation and prior to resentencing constituted the functional equivalent of an updated report *(see, People v Sanchez,* 143 AD2d 377, 378, *lv denied* 73 NY2d 790; *cf., People v Gilyard,* 161 AD2d 464). Further, defendant declined the opportunity afforded him at sentencing to make a statement *(see, People v Greene,* 209 AD2d 541, 542, *lv denied* 85 NY2d 909). In addition, he did not request that the presentence report prepared six months earlier be updated, and County Court was familiar with changes in defendant's status since the preparation of that report *(see, People v Reaves,* 216 AD2d 945, *lv denied* 86 NY2d 801; *People v Shattuck,* 214 AD2d 1026, *lv denied* 86 NY2d 740).

Defendant has failed to show that the sentencing court abused its discretion in imposing a term of imprisonment or that extraordinary circumstances exist warranting a reduction of that sentence *(see, People v Reaves, supra).* (Appeal from Judgment of Onondaga County Court, Burke, J.—Violation of Probation.) Present—Denman, P. J., Lawton, Wesley, Balio and Davis, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM LEE PARKER, JR., Appellant. [636 NYS2d 696] —Judgment unanimously affirmed. Memorandum: Under the circumstances of this case, County Court did not abuse its discretion in denying defendant youthful offender treatment *(see, People v Cruickshank,* 105 AD2d 325, 333-336, *affd sub nom. People v Dawn Maria C.,* 67 NY2d 625), and we decline to exercise our interest of justice jurisdiction to grant such treatment *(see, People v Gaziano* [appeal No. 1], 219 AD2d 870; *cf., People v Shrubsall,* 167 AD2d 929, 930). Furthermore, we conclude that the imposition of an indeterminate term of incarceration of $2^1/3$ to 7 years upon defendant's conviction of burglary in the third degree is neither unduly harsh nor severe. (Appeal from Judgment of Cayuga County Court, Corning, J.—Burglary, 3rd Degree.) Present—Denman, P. J., Lawton, Wesley, Balio and Davis, JJ.

EVELYN A. STILB et al., Respondents, v PAUL LEITNER et al., Appellants. (Appeal No. 2.) [636 NYS2d 686] —Appeal unanimously dismissed without costs *(see, Smith v Catholic Med.*

*Ctr.,* 155 AD2d 435; *see also,* CPLR 5501 [a] [1]). (Appeal from Order of Supreme Court, Wyoming County, Feeman, Jr., J.—Set Aside Verdict.) Present—Denman, P. J., Lawton, Wesley, Balio and Davis, JJ.

■ EVELYN A. STILB et al., Respondents, v PAUL LEITNER et al., Appellants. (Appeal No. 3.) [636 NYS2d 686] —Appeal unanimously dismissed without costs *(see, Matter of Laborers Intl. Union v Shevlin-Manning, Inc.,* 147 AD2d 977). (Appeal from Order of Supreme Court, Wyoming County, Feeman, Jr., J.—Special Verdict.) Present—Denman, P. J., Lawton, Wesley, Balio and Davis, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY M. CRANDELL, Appellant. [635 NYS2d 854] —Judgment unanimously affirmed. Memorandum: The record does not support the contention of defendant that the sentencing court should have granted defendant youthful offender status, and we decline to disturb the court's discretionary determination *(see, People v Pappas,* 198 AD2d 918, *lv denied* 82 NY2d 928). We have considered defendant's contention that the sentence imposed is harsh and excessive and conclude that it is without merit.

We further conclude that the contention of defendant in his *pro se* supplemental brief that he was denied effective assistance of counsel is without merit. Defendant has failed to "demonstrate the absence of strategic or other legitimate explanations for counsel's failure to pursue 'colorable' claims" *(People v Garcia,* 75 NY2d 973, 974; *see, People v Barber,* 202 AD2d 978, *lv denied* 83 NY2d 908). The remaining alleged instances of defense counsel's ineffective assistance involve matters outside the record that cannot be addressed on direct appeal *(see, People v Williams,* 216 AD2d 945). (Appeal from Judgment of Cayuga County Court, Corning, J.—Robbery, 1st Degree.) Present—Green, J. P., Lawton, Fallon, Callahan and Doerr, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERVERN PARKER, Appellant. [635 NYS2d 855] —Judgment unanimously affirmed. Memorandum: There is no merit to the contention of defendant that his guilty plea was not intelligently, knowingly and voluntarily entered *(see, People v Fiumefreddo,* 82 NY2d 536, 543).

There is likewise no merit to the contention of defendant that County Court abused its discretion in denying his motion to withdraw his guilty plea. The record establishes that defendant was given a reasonable opportunity to advance his claims, and the court did not err in denying the motion without fur-