that they are without merit. (Appeal from Judgment of Supreme Court, Erie County, Sheridan, J.—Kidnapping, 1st Degree.) Present—Green, J. P., Lawton, Hayes, Balio and Boehm, JJ.

■ AMY LAVECK, Respondent, v BRENT LAYTON, Appellant. (Appeal No. 1.) [670 NYS2d 649] —Appeal unanimously dismissed without costs (*see, Smith v Catholic Med. Ctr.*, 155 AD2d 435; *see also*, CPLR 5501 [a] [1]). (Appeal from Order of Supreme Court, Monroe County, Ark, J.—Set Aside Verdict.) Present— Green, J. P., Lawton, Hayes, Balio and Boehm, JJ.

■ AMY LAVECK, Respondent, v BRENT LAYTON, Appellant. (Appeal No. 2.) [670 NYS2d 158] —Judgment unanimously affirmed with costs. Memorandum: Supreme Court properly granted plaintiff's motion to set aside the verdict on liability, directed a verdict in plaintiff's favor on the issue of proximate cause and ordered a new trial on damages. The proof established that plaintiff's leg was cut by an X-Acto knife that protruded from defendant's backpack. Defendant testified that, when he placed the X-Acto knife in an outer compartment of his backpack, the knife had no protective cover and that, after the incident, there was a hole in the backpack approximately the same size as the knife and the knife was lying about two feet from the backpack. The court denied defendant's request to submit the issue of plaintiff's contributory negligence to the jury, and defendant does not challenge that denial on appeal. The jury found that defendant was negligent in placing the uncovered knife in the backpack but that defendant's negligence was not a proximate cause of plaintiff's injuries. Under the circumstances, there is "no valid line of reasoning and permissible inferences" to support that finding (*Cohen v Hallmark Cards*, 45 NY2d 493, 499). The court properly determined that the verdict on probable cause is not supported by sufficient evidence and directed a verdict in plaintiff's favor on that issue (*see, Nicastro v Park*, 113 AD2d 129, 132). (Appeal from Judgment of Supreme Court, Monroe County, Ark, J.— Damages.) Present—Green, J. P., Lawton, Hayes, Balio and Boehm, JJ.

■ PEARL PETERS, Respondent, v RAYMOND NICOTERA, Defendant, and DOMINICK NICOTERA, Appellant. [669 NYS2d 1000] —Judgment unanimously affirmed with costs. Memorandum: After a bench trial, Supreme Court declared null and void the deed transferring plaintiff's house to Dominick Nicotera (defendant) and the other documents executed by plaintiff. Plaintiff was 80 years old when her husband of 63 years died.