who was responsible for her care. Plaintiff returned to the hospital on August 27, 1993 for five days for further surgery, and upon her release had difficulty walking. During her extended recuperation, plaintiff husband did the laundry, shopping, cooking and cleaning. We therefore modify the judgment in appeal No. 5 by vacating the fifth decretal paragraph, and we grant a new trial on the derivative cause of action only unless defendants, within 20 days of service of a copy of the order of this Court with notice of entry, stipulate to pay plaintiff John R. O'Rourk $20,000 on the derivative cause of action (*see, Zavurov v City of New York, supra*).

Finally, Supreme Court erred in awarding prejudgment interest pursuant to CPLR 5002 after defendants made an unconditional tender of the verdict amount with interest on October 10, 1996 (*see, Meiselman v Allstate Ins. Co.*, 197 AD2d 561). Upon the unconditional tender of the verdict amount with interest, defendants no longer had the use of plaintiff's money (*see, Love v State of New York*, 78 NY2d 540, 544), and plaintiff received what was due her (*see, Gonzalez v City of New York*, 148 AD2d 668, 673-674, *lv denied* 74 NY2d 608). We therefore reverse the order insofar as appealed from in appeal No. 6 by vacating the award of prejudgment interest from October 11, 1996 until December 18, 1996. (Appeal from Judgment of Supreme Court, Erie County, Whelan, J.—Dismiss Pleading.) Present—Denman, P. J., Pine, Wisner, Callahan and Fallon, JJ.

■ PATRICIA A. O'ROURK et al., Appellants, v ROBERT J. BERNER et al., Respondents. (Appeal No. 3.) [671 NYS2d 393] —Appeal unanimously dismissed without costs (*see, Smith v Catholic Med. Ctr.*, 155 AD2d 435; *see also*, CPLR 5501 [a] [1]). (Appeal from Order of Supreme Court, Erie County, Whelan, J.—Set Aside Verdict.) Present—Denman, P. J., Pine, Wisner, Callahan and Fallon, JJ.

■ PATRICIA A. O'ROURK et al., Appellants, v ROBERT J. BERNER et al., Respondents. (Appeal No. 5.) [671 NYS2d 393] —Judgment unanimously modified on the law and as modified affirmed without costs and new trial granted on the derivative cause of action only unless defendants, within 20 days of service of a copy of the order of this Court with notice of entry, stipulate to pay plaintiff John R. O'Rourk $20,000 on the derivative cause of action in which event the judgment is modified accordingly and as modified affirmed without costs in accordance with the same Memorandum as in *O'Rourk v Berner* ([appeal No. 1] 249 AD2d 975 [decided herewith]). (Appeal from