not establish defendant's negligence as a matter of law (*see, Canfield v Giles* [appeal No. 1], 182 AD2d 1075). Defendant's testimony that the right turn signal on decedent's truck was blinking and the right wheels were on the shoulder supports the jury's determination that decedent was partially at fault for the collision.

Thus, we reverse the judgment, grant plaintiffs' motion to vacate that portion of the jury verdict that awarded no damages to the estate of decedent for loss of consortium and grant a new trial on damages for loss of consortium only unless defendant, within 20 days of service of a copy of the order of this Court with notice of entry, stipulates to increase the verdict to $15,000 for loss of consortium less the percentage of comparative fault of 25%, in which event the judgment is modified accordingly. (Appeal from Judgment of Supreme Court, Allegany County, Himelein, J.—Negligence.) Present—Pine, J. P., Lawton, Hayes, Callahan and Fallon, JJ.

■ CLARA R. HARRIS et al., Appellants, v MARK L. MOYER, Respondent. (Appeal No. 2.) [680 NYS2d 882] —Appeal unanimously dismissed without costs (*see, Smith v Catholic Med. Ctr.*, 155 AD2d 435; *see also,* CPLR 5501 [a] [1]). (Appeal from Order of Supreme Court, Allegany County, Himelein, J.—Set Aside Verdict.) Present—Pine, J. P., Lawton, Hayes, Callahan and Fallon, JJ.

■ CLARA R. HARRIS et al., Appellants, v MARK L. MOYER, Respondent. (Appeal No. 3.) [680 NYS2d 883] —Appeal unanimously dismissed without costs (*see, Smith v Catholic Med. Ctr.*, 155 AD2d 435; *see also,* CPLR 5501 [a] [1]). (Appeal from Order of Supreme Court, Allegany County, Himelein, J.—Set Aside Verdict.) Present—Pine, J. P., Lawton, Hayes, Callahan and Fallon, JJ.

■ DEBRA MCCARVILLE, Respondent, v ALAN E. BURKE et al., Appellants. [680 NYS2d 138] —Order unanimously affirmed without costs. Memorandum: While on property owned by defendants, plaintiff was struck in the head with a half-full bottle of windshield washer fluid thrown by an unidentified third party. Shortly before, defendant Alan E. Burke had confronted a group of teenagers whom he believed were responsible for throwing an empty glass beer bottle into his driveway. Alan returned to his property and then threw a beer bottle into the yard where the teenagers were gathered. The teenagers arrived at defendants' property and confronted Alan, who acknowledged that he was "pretty upset". He retrieved a pitchfork from his garage and, by his own admission, "stuck