*v Monsanto Co.*, 609 So 2d 757, 759 [Fla]; *Pittman v Volusia County*, 380 So 2d 1192, 1193 [Fla]). Our review discloses that issues of fact persist in this matter as to whether defendant knew or should have known that the sprinkler head which tripped plaintiff was incapable of retracting and whether it was sufficiently concealed by the surrounding grass to pose a hazard to persons who walked across defendant's lawn, giving rise to a duty either to repair the sprinkler head or to warn guests of its presence. As these issues must be resolved before this matter can be fairly adjudicated, Supreme Court's order denying defendant's summary judgment motion should not be disturbed.

Mikoll, J. P., Mercure, Crew III and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, with costs.

■ In the Matter of JOHN H. BABIGIAN, a Suspended Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [692 NYS2d 616] —Per Curiam. Respondent was suspended for a period of six months by decision dated February 26, 1998 (247 AD2d 817, *lv denied* 91 NY2d 813, *rearg denied* 92 NY2d 877, *cert denied* 525 US 1003). He now applies for reinstatement to practice.

Because we conclude that respondent has not shown by clear and convincing evidence that he possesses the character and general fitness to resume the practice of law (*see*, 22 NYCRR 806.12 [b]), we deny the application for reinstatement. In addition to the information already provided by respondent, he may renew his application by submission of documentation showing payment of the $10,000 court-ordered sanction owed to the Skadden, Arps law firm and a medical report from an expert selected or approved by petitioner evaluating respondent's psychological capacity to practice law.

Mikoll, J. P., Mercure, Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that respondent's application for reinstatement is denied.

FOURTH DEPARTMENT, JUNE, 1999

(June 18, 1999)

■ TERESA CASTELLANI, Respondent, v SUSANN BAGDASARIAN, Appellant. (Appeal No. 1.) [691 NYS2d 809] —Appeal unanimously dismissed without costs (*see, Smith v Catholic Med. Ctr.*, 155 AD2d 435; *see also*, CPLR 5501 [a] [1], [2]). (Appeal from Order

of Supreme Court, Erie County, Cosgrove, J.—Set Aside Verdict.) Present—Denman, P. J., Hayes, Wisner, Hurlbutt and Callahan, JJ.

■ TERESA CASTELLANI, Respondent, v SUSANN BAGDASARIAN, Appellant. (Appeal No. 2.) [692 NYS2d 560] —Judgment reversed on the law without costs and new trial granted on liability only. Memorandum: Supreme Court erred in granting plaintiff's motion for judgment on liability pursuant to CPLR 4401. Plaintiff established a prima facie case by her testimony that defendant's vehicle struck plaintiff's stopped vehicle from the rear (see, Suitor v Boivin, 219 AD2d 799, 800; Pincus v Cohen, 198 AD2d 405; Cohen v Terranella, 112 AD2d 264). Affording defendant the benefit of every favorable inference from the evidence (cf., Pulitano v Suffolk Manor Caterers, 245 AD2d 279, 280), however, we conclude that the jury might reasonably have found that the collision between defendant's and plaintiff's vehicles resulted not from defendant's negligence but from that of plaintiff in colliding with the rear of the vehicle ahead of hers (see, Zwilling v Harrison, 269 NY 461; Hurley v Izzo, 248 AD2d 674, 675-676; DeVito v Silvernail, 239 AD2d 824; Suitor v Boivin, supra, at 800).

The amount of the verdict in the separate trial on damages is not challenged on appeal. We therefore reverse the judgment and grant a new trial on liability only.

All concur except Callahan, J., who dissents and votes to affirm in the following Memorandum.

Callahan, J. (dissenting). I disagree with the majority's conclusion "that the jury might reasonably have found that the collision between defendant's and plaintiff's vehicles resulted not from defendant's negligence but from that of plaintiff in colliding with the rear of the vehicle ahead of hers". Neither defendant's testimony nor the testimony of the nonparty witness Sherry Moore, the owner of the vehicle in traffic ahead of plaintiff, gives rise to such a conclusion. Moore testified that plaintiff's vehicle struck hers and that she heard only one collision. Plaintiff testified that, when her vehicle was struck by defendant's, her vehicle was driven into Moore's vehicle. On cross-examination Moore conceded that plaintiff's vehicle could have been struck from behind and driven into her vehicle. She also acknowledged that, after the accident and while at the scene, she learned how the accident occurred. Viewing the evidence in the light most favorable to defendant, I conclude that the trial court properly found that by no rational process could the jury have found in favor of defendant. Indeed, the court