■ Louise A. Shellberry, Respondent, v Mary C. Albright, Individually and as Executrix of Robert A. Albright, Deceased, Defendant, and Edwin J. Shoemaker, Appellant. [693 NYS2d 466] —Order unanimously affirmed with costs. Memorandum: Supreme Court properly denied the motion of defendant Edwin J. Shoemaker for summary judgment with leave to renew upon completion of all discovery. Where pertinent facts essential to justify opposition to a motion for summary judgment are exclusively within the knowledge and control of the movant and may be revealed through pretrial discovery, summary judgment should be denied (*see,* CPLR 3212 [f]; *Blue Bird Coach Lines v 107 Del. Ave.,* 125 AD2d 971; *Mack v Gregory Mem. Hosp.,* 90 AD2d 969). (Appeal from Order of Supreme Court, Niagara County, Joslin, J.—Summary Judgment.) Present—Pine, J. P., Hayes, Pigott, Jr., Hurlbutt and Callahan, JJ. (Filed May 12, 1999.)

■ Eleanor Burlingame et al., Appellants, v Roger J. Toal, Respondent. (Appeal No. 1.) [691 NYS2d 814] —Judgment unanimously reversed on the law without costs and new trial granted. Memorandum: At the trial of this personal injury action, defendant admitted that his negligence caused the head-on collision between plaintiffs' and defendant's vehicles. The jury returned a verdict of no cause of action based on its finding that Eleanor Burlingame (plaintiff) did not sustain a serious injury as a result of the accident (*see,* Insurance Law § 5102 [d]). Supreme Court erred in denying plaintiffs' request to submit to the jury a verdict sheet containing separate interrogatories with respect to the three theories of serious injury at issue. The court instead submitted to the jury a verdict sheet containing one interrogatory that asked whether plaintiff sustained a "serious injury". Where multiple theories of serious injury are at issue, the verdict sheet should contain separate interrogatories with respect to each theory (*see, Velez v Svehla,* 229 AD2d 528, 530; *Cirasuolo v Cahill,* 119 AD2d 986). We conclude that the court's error may have affected the jury's finding that plaintiff did not sustain a serious injury. We therefore reverse the judgment and grant a new trial. (Appeal from Judgment of Supreme Court, Monroe County, Smith, J.—Negligence.) Present—Pine, J. P., Hayes, Pigott, Jr., Hurlbutt and Callahan, JJ.

■ Eleanor Burlingame et al., Appellants, v Roger J. Toal, Respondent. (Appeal No. 2.) [691 NYS2d 812] —Appeal unanimously dismissed without costs (*see, Smith v Catholic Med. Ctr.,* 155 AD2d 435; *see also,* CPLR 5501 [a] [1]). (Appeal from Order of Supreme Court, Monroe County, Smith, J.—Set

Aside Verdict.) Present—Pine, J. P., Hayes, Pigott, Jr., Hurlbutt and Callahan, JJ.

■ In the Matter of RAMON BURGOS, Respondent, v KIM STERINA, Appellant. [691 NYS2d 818] —Order unanimously affirmed without costs. Memorandum: We agree with respondent that Family Court erred when it modified a prior order by temporarily changing the residence of the child without conducting an evidentiary hearing. That order has been superseded, however, by the order on appeal, which was made after an evidentiary hearing and modified the prior order by granting primary physical residence of the child to petitioner. The record supports the determination that the change in primary residence is in the best interests of the child (see, Matter of Smith v Patrowski, 226 AD2d 1073, 1074). (Appeal from Order of Monroe County Family Court, Miller, J.—Custody.) Present—Denman, P. J., Pine, Pigott, Jr., Hurlbutt and Balio, JJ.

■ LEHIGH CONSTRUCTION GROUP, INC., Respondent, v LEONARD ALMQUIST, Appellant. [692 NYS2d 551] —Order unanimously reversed on the law with costs and motion granted. Memorandum: Defendant is a certified public accountant who was hired by plaintiff to audit plaintiff's financial statements. Plaintiff commenced this action alleging that defendant was negligent in failing to detect changes to the "foot" or total amount of certain columns on those statements that had been made by an employee of plaintiff in an effort to conceal embezzlement. Plaintiff seeks damages in excess of $3 million, including claims for non-out-of-pocket damages in the nature of lost profits and excess expenses. Plaintiff alleges that, had defendant properly discovered the discrepancy and apprised plaintiff's owners of the company's true financial circumstances during the fiscal year 1991, rather than in 1993, plaintiff would have altered its bid structure and procedures to increase its bids, including its profit, on public and private construction projects and would have reduced or eliminated certain operating expenses.

Supreme Court erred in denying defendant's motion for partial summary judgment dismissing all claims for non-out-of-pocket damages in the nature of lost profits and excess expenses. Although lost profits that directly result from the breach of a contract are recoverable, "[a] party may not recover damages for lost profits unless they were within the contemplation of the parties at the time the contract was entered into and are capable of measurement with reasonable certainty" (Ashland Mgt. v Janien, 82 NY2d 395, 403). Defendant met his initial burden by establishing that plaintiff's claim of lost