and its "Notice of Termination" on June 5, 1997. Thus, the complaint must be dismissed for failure to state a cause of action (*see,* CPLR 3211 [a] [7]; *Gordon & Breach Science Publs. v New York Sys. Exch.,* 267 AD2d 52; *833 N. Corp. v Tashlik & Assocs.,* 256 AD2d 535, 537; *Muhitch v St. Gregory the Great R. C. Church & School,* 239 AD2d 901). The factual allegations in the complaint are refuted by documentary evidence (*see, Ullmann v Norma Kamali, Inc.,* 207 AD2d 691, 692; *Zigabarra v Falk,* 143 AD2d 901, 902; *Rosen v Vassar Coll.,* 135 AD2d 248, 250-251, *lv denied* 72 NY2d 805). In view of our determination, we need not address defendant's remaining contention on appeal. (Appeal from Order of Supreme Court, Oneida County, Tenney, J.—Dismiss Pleading.) Present—Green, A. P. J., Hayes, Pigott, Jr., and Scudder, JJ.

■ TIMOTHY C. TRALA, Respondent, v CLEOLIUS CALLOWAY, Defendant, and BENNETT ELECTRICAL CONTRACTORS CORP., Appellant and Third-Party Plaintiff. PATRICK LAWLER et al., Third-Party Defendants-Appellants. (Appeal No. 1.) [703 NYS2d 770] —Appeal unanimously dismissed without costs (*see, Smith v Catholic Med. Ctr.,* 155 AD2d 435; *see also,* CPLR 5501 [a] [1]). (Appeal from Order of Supreme Court, Erie County, Whelan, J.—Set Aside Verdict.) Present—Green, A. P. J., Hayes, Pigott, Jr., and Scudder, JJ.

■ TIMOTHY C. TRALA, Appellant, v CLEOLIUS CALLOWAY, Defendant, and BENNETT ELECTRICAL CONTRACTORS CORP., Respondent and Third-Party Plaintiff. PATRICK LAWLER et al., Third-Party Defendants-Respondents. (Appeal No. 2.) [703 NYS2d 769] —Appeal unanimously dismissed without costs (*see, Karagiannis v New York State Thruway Auth.,* 209 AD2d 995; *see also,* CPLR 5501 [a] [1]). (Appeal from Order of Supreme Court, Erie County, Whelan, J.—Structured Judgment.) Present—Green, A. P. J., Hayes, Pigott, Jr., and Scudder, JJ.

■ TIMOTHY C. TRALA, Respondent-Appellant, v CLEOLIUS CALLOWAY, Defendant, and BENNETT ELECTRICAL CONTRACTORS CORP., Appellant-Respondent and Third-Party Plaintiff. PATRICK LAWLER et al., Third-Party Defendants-Appellants-Respondents. (Appeal No. 3.) [703 NYS2d 421] —Judgment unanimously affirmed without costs. Memorandum: Upon our review of the record, we conclude that the jury verdict does not deviate materially from what would be reasonable compensation (*see,* CPLR 5501 [c]). Contrary to plaintiff's contention, Supreme Court properly determined the present value of future damages in excess of $250,000 as of the date of the jury verdict and awarded interest on the present value of the excess future