obligated to indemnify K Mart and Massa. Because indemnification runs only in favor of a party not actively at fault against a party actively at fault, Mirage is not entitled to common-law indemnification from LCM (*cf., Leo v Artco Contr.*, 266 AD2d 808; *Szymanski v Nabisco, Inc.*, 256 AD2d 1154, 1155; *Eastman v Volpe Mfg. USA, Co.*, 229 AD2d 913). The relative responsibility of those two entities raises an issue of apportionment or contribution (*see generally, Rosado v Proctor & Schwartz*, 66 NY2d 21, 23-25). (Appeal from Order of Supreme Court, Ontario County, Scudder, J.—Summary Judgment.) Present—Pigott, Jr., P. J., Hayes, Wisner and Kehoe, JJ.

■ VAN BRON CORPORATION, Respondent, v GIER'S FARM SERVICE, INC., et al., Appellants. [710 NYS2d 262] —Appeal unanimously dismissed without costs. Memorandum: Defendants appeal from an order of Supreme Court denying their motion to dismiss this action pursuant to CPLR 3211 (a) (4) on the ground that there is another action pending between the parties for the same cause of action in Supreme Court, Chautauqua County, which was commenced by defendants the day before this action was commenced. After the order was entered, however, the Chautauqua County action was dismissed, and no appeal was taken from the order dismissing that action. Because there is no longer another action pending between the parties for the same cause of action, the issue raised herein is moot. (Appeal from Order of Supreme Court, Cattaraugus County, Cosgrove, J.—Dismiss Pleading.) Present—Pigott, Jr., P. J., Hayes, Wisner and Kehoe, JJ.

■ H. FREDERICK ARNOLD, Respondent, v JACKSON'S GARAGE, INC., et al., Respondents, and POHL TRANSPORTATION, Appellant, et al., Defendant. [710 NYS2d 261] —Order unanimously affirmed without costs (*see, Alcalay v Fleetmark Inc.*, 266 AD2d 118): (Appeal from Order of Supreme Court, Niagara County, Koshian, J.—Summary Judgment.) Present—Pigott, Jr., P. J., Hayes, Wisner and Kehoe, JJ.

■ In the Matter of GEORGE G. COUCH et al., Appellants, v TOWN OF CAPE VINCENT, Respondent. [710 NYS2d 261] —Judgment unanimously affirmed with costs for reasons stated in decision at Supreme Court, Gilbert, J. (Appeal from Judgment of Supreme Court, Jefferson County, Gilbert, J.—CPLR art 78.) Present—Pigott, Jr., P. J., Hayes, Wisner and Kehoe, JJ.

■ PHILIP F. WOLFF, Appellant, v ELLY V. MAHRER, Individually and as Executor of F. JOHN MAHRER, Deceased, Respondent. (Appeal No. 1.) [710 NYS2d 286] —Appeal unanimously

dismissed without costs (*see, Smith v Catholic Med. Ctr.*, 155 AD2d 435; *see also*, CPLR 5501 [a] [1]). (Appeal from Order of Supreme Court, Oneida County, McCarthy, J.—Set Aside Verdict.) Present—Pigott, Jr., P. J., Hayes, Wisner and Kehoe, JJ.

■ PHILIP F. WOLFF, Appellant, v ELLY V. MAHRER, Individually and as Executor of F. JOHN MAHRER, Deceased, Respondent. (Appeal No. 2.) [709 NYS2d 310] —Judgment unanimously affirmed without costs. Memorandum: Plaintiff commenced this action seeking damages for injuries allegedly sustained in a low-speed automobile collision. On appeal from a judgment in favor of defendant based on a jury verdict finding that plaintiff did not sustain a serious injury (*see,* Insurance Law § 5102 [d]), plaintiff contends that Supreme Court should have set aside the verdict and granted a new trial in the interest of justice on the ground that defendant's attorney improperly questioned witnesses concerning prejudicial matters.

Questions asked by defendant's attorney of his own witnesses concerning plaintiff's reputation for truth and veracity were proper (*see,* Prince, Richardson on Evidence §§ 6-402—6-405 [Farrell 11th ed]), as were questions asked of plaintiff on cross-examination. A witness may be impeached by questioning concerning any prior immoral, vicious, or criminal acts that may show him to be unworthy of belief (*see, Badr v Hogan,* 75 NY2d 629, 635; *see generally,* Prince, Richardson on Evidence, *op. cit.,* §§ 6-406, 6-407). Questions asked by defendant's attorney in cross-examining plaintiff's witness were likewise proper. Evidence of the character of a party or witness is generally inadmissible in a civil action (*see, O'Connell v Jacobs,* 181 AD2d 1064, *affd* 81 NY2d 797; *Noonan v Luther,* 206 NY 105, 108), and questions concerning prior bad acts generally may not be asked of a witness other than the one who committed those acts (*see, Badr v Hogan, supra,* at 635). Here, however, defendant's attorney properly inquired whether the witness was aware of plaintiff's prior bad acts in an effort to impeach the witness's testimony, elicited over defendant's objection, concerning plaintiff's good character and reputation for truth and veracity (*see, People v Garrick,* 246 AD2d 478, *lv denied* 92 NY2d 852; *cf., Taylor v Heft,* 150 App Div 509, 513). (Appeal from Judgment of Supreme Court, Oneida County, McCarthy, J.—Negligence.) Present—Pigott, Jr., P. J., Hayes, Wisner and Kehoe, JJ.

■ DEBRA GOODWIN et al., Respondents, v NEW YORK STATE ELECTRIC & GAS CORPORATION, Defendant, and KAY M. EDDY,