AD2d 721, 722). Indeed, claimant's expert testified that he was "not suggesting that a pedestrian warrant should have been issued in this case" (see, 17 NYCRR 271.5). Furthermore, it is undisputed that little or no pedestrian traffic was observed at the site during the course of the study and that there was no history of prior pedestrian accidents. Thus, the State's failure to conduct a pedestrian count cannot be deemed arbitrary or unreasonable (see, Weiss v Fote, supra, at 586).

Despite the testimony of claimant's expert, the court found no other inadequacies in the State's study. We reject claimant's contention that the State's study was inadequate because it was not conducted as a traffic safety study in accordance with the State's "Safety Investigation Procedures Manual." Claimant failed to establish the applicability of that manual. We further reject claimant's contention that the State violated its continuing duty to monitor the effectiveness of the warning signs after they were installed. Claimant submitted no proof of changed conditions or accidents that would have required the replacement of the warning signs with a traffic signal (see, Weiss v Fote, supra, at 587-588). Indeed, claimant's expert never addressed that contention during his testimony.

We also reject claimant's contention that the study was inadequate because the State's condition diagram did not show the sight distance restrictions or the location of bus stops. The sight distances were recorded on the "signal investigation data sheet," and the State's engineer was aware of the bus stops from his visits to the site. The engineer's decision to discount the importance of the bus stops due to the lack of pedestrian accidents and pedestrian traffic cannot be deemed arbitrary or unreasonable.

"[S]omething more than a mere choice between conflicting opinions of experts is required before the State * * * may be charged with a failure to discharge its duty to plan highways for the safety of the traveling public" (Weiss v Fote, supra, at 588; see, Light v State of New York, 250 AD2d 988, 989, lv denied 92 NY2d 807). "Strong policy considerations underpin the qualified immunity doctrine set forth in Weiss (supra), and in cases such as [this] where a governmental body has invoked the expertise of qualified employees, the Weiss directive should not be lightly discounted" (Friedman v State of New York, 67 NY2d 271, 285). We therefore reverse the judgment and dismiss the amended claim. (Appeal from Judgment of Court of Claims, Midey, Jr., J.—Negligence.) Present—Pine, J. P., Wisner, Scudder and Lawton, JJ.

■ Cynthia Charvala, Respondent, v Kelly & Dutch Real Estate, Inc., Appellant. (Appeal No. 1.) [710 NYS2d 295]

—Appeal unanimously dismissed without costs (*see, Smith v Catholic Med. Ctr.*, 155 AD2d 435; *see also*, CPLR 5501 [a] [1]). (Appeal from Order of Supreme Court, Onondaga County, Tormey, III, J.—Set Aside Verdict.) Present—Pine, J. P., Wisner, Scudder and Lawton, JJ.

■■■ CYNTHIA CHARVALA, Respondent, v KELLY & DUTCH REAL ESTATE, INC., Appellant. (Appeal No. 2.) [709 NYS2d 785] —Judgment unanimously affirmed without costs. Memorandum: Supreme Court properly denied defendant's motion for a directed verdict or, in the alternative, an order setting aside the verdict as against the weight of the evidence. Contrary to defendant's contention, plaintiff proved by a preponderance of the evidence that defendant's negligence was a proximate cause of her injuries (*see, Burgos v Aqueduct Realty Corp.*, 92 NY2d 544, 550). Plaintiff was employed at a store located on property owned and managed by defendant. Defendant required the employees of the store to park in a designated area, and they could reach the store either by walking along a roadway or by walking on the grassy median that separated the roadway from the parking lot. While walking on the median, plaintiff felt her foot catch on something and she fell, shattering a bone in her arm, sustaining a cervical spine injury and damaging two teeth. Three weeks later, plaintiff returned to the site and took photographs of roots and thick stalks that protruded from the ground but were covered by grass. Although plaintiff could not identify what caused her to fall, she established that there were several roots and thick stalks in the area where she fell and testified that her foot caught on something (*cf., Barland v Cryder House*, 203 AD2d 405, *lv denied* 84 NY2d 947). Thus, defendant is not entitled to a directed verdict because the jury's verdict is not "utterly irrational" (*Cohen v Hallmark Cards*, 45 NY2d 493, 499). We further conclude that the jury's verdict is not against the weight of the evidence (*see, Cohen v Hallmark Cards, supra*, at 498-499).

We reject defendant's contention that the court's charge permitted the jury to base its verdict only upon speculation about the condition of the median at the time of plaintiff's injury. The court instructed the jury that, although plaintiff did not identify the precise condition that caused her to fall, where, as here, there may be more than one unsafe condition, the jury could infer that plaintiff's injuries were caused by one of those conditions. Plaintiff presented evidence from which an inference could be drawn with respect to the condition of the median on the day of her injury; she presented photographs depicting the condition of the median approximately three