the issue whether the device, as marketed with an attached but easily removable "cutter guard", was not reasonably safe for the uses intended or reasonably anticipated by defendant and, further, whether the machine was purposely but defectively designed to permit its use without the cutter guard (*see, Tuesca v Rando Mach. Corp.,* 226 AD2d 157, 157-158, *affd* 89 NY2d 966; *Lopez v Precision Papers,* 67 NY2d 871, 873; *Smith v Minster Mach. Co.,* 233 AD2d 892, 893). (Appeal from Order of Supreme Court, Erie County, Burns, J.—Summary Judgment.) Present—Pigott, Jr., P. J., Green, Hayes, Kehoe and Lawton, JJ.

■ KATHLEEN HOXIE, Appellant, v JENNIFER S. WALL, Respondent, et al., Defendant. JENNIFER S. WALL et al., Third-Party Plaintiffs-Appellants, v ANNA ZIMMERMAN, Third-Party Defendant-Respondent. [715 NYS2d 178] —Order unanimously affirmed without costs for reasons stated in decision at Supreme Court, Nicholson, J. (Appeals from Order of Supreme Court, Onondaga County, Nicholson, J.—Summary Judgment.) Present—Pigott, Jr., P. J., Green, Hayes, Kehoe and Lawton, JJ.

■ MELINDA C. GENCO, Respondent, v MILLARD FILLMORE SUBURBAN HOSPITAL, Appellant, et al., Defendant. (Appeal No. 1.) [713 NYS2d 710] —Appeal unanimously dismissed without costs (*see, Smith v Catholic Med. Ctr.,* 155 AD2d 435; *see also,* CPLR 5501 [a] [1]). (Appeal from Order of Supreme Court, Niagara County, Joslin, J.—Set Aside Verdict.) Present—Pigott, Jr., P. J., Green, Hayes, Kehoe and Lawton, JJ.

■ MELINDA C. GENCO, Respondent, v MILLARD FILLMORE SUBURBAN HOSPITAL, Appellant, et al., Defendant. (Appeal No. 2.) [714 NYS2d 173] —Order and judgment unanimously affirmed with costs. Memorandum: Plaintiff commenced this medical malpractice action against defendant Millard Fillmore Suburban Hospital (Hospital) and defendant doctor to recover damages arising from the discovery of a laparotomy pad in her abdominal cavity approximately 11 months after she had surgery at the Hospital to remove an ovarian mass. The jury found that the Hospital was negligent, apportioned the Hospital's liability at 90% and awarded plaintiff damages in the amount of $225,000 for past pain and suffering.

There is no merit to the Hospital's contention that, during colloquies with counsel for the Hospital that took place in the presence of the jury, the Trial Justice expressed his personal opinions with respect to the responsibility of the Hospital for the presence of the laparotomy pad in plaintiff's abdomen and