of fact relative to any negligence or breach of warranty cause of action, we conclude that defendant established that no alleged defect in the paint or paint thinner sold by defendant to plaintiff was a proximate cause of the rusting of the bridges, and plaintiff failed to raise an issue of fact in that regard (see generally, Alvarez v Prospect Hosp., 68 NY2d 320, 324). (Appeal from Order of Supreme Court, Niagara County, Joslin, J.—Summary Judgment.) Present—Pigott, Jr., P. J., Hayes, Hurlbutt, Scudder and Lawton, JJ.

■ ENRIQUE MUJICA, Respondent-Appellant, v STATE UNIVERSITY CONSTRUCTION FUND, Appellant-Respondent and Third-Party Plaintiff. ARRIC CORP., Third-Party Defendant-Appellant. (Appeal No. 1.) [715 NYS2d 194] —Judgment unanimously modified on the law and as modified affirmed without costs and new trial granted on damages for future pain and suffering only unless plaintiff, within 20 days of service of a copy of the order of this Court with notice of entry, stipulates to reduce the verdict for future pain and suffering to $500,000, in which event the judgment is modified accordingly and as modified affirmed without costs in accordance with the following Memorandum: While performing asbestos removal work in July 1990, plaintiff stepped into a manhole, tearing the posterior cruciate ligament in his right knee. Plaintiff underwent surgery in April 1991, at which time hardware was inserted in his knee. The hardware was removed in December 1991. Plaintiff, who was 19 years old at the time of his injury, continues to experience swelling and pain in his knee and walks with a limp. We conclude that Supreme Court properly structured the judgment pursuant to CPLR article 50-B. We further conclude that the jury's award of $1,000,000 for future pain and suffering "deviates materially from what would be reasonable compensation" (CPLR 5501 [c]; see also, Prunty v YMCA of Lockport, 206 AD2d 911). In our view, the highest amount of damages justified by plaintiff's evidence of future pain and suffering is $500,000. We modify the judgment, therefore, by vacating the award of damages for future pain and suffering, and we grant a new trial on damages for future pain and suffering only unless plaintiff, within 20 days of service of a copy of the order of this Court with notice of entry, stipulates to reduce the verdict for future pain and suffering to $500,000, in which event the judgment is modified accordingly and as modified affirmed. (Appeals from Judgment of Supreme Court, Erie County, Gorski, J.—Negligence.) Present—Pigott, Jr., P. J., Hayes, Hurlbutt, Scudder and Lawton, JJ.

■ ENRIQUE MUJICA, Respondent, v STATE UNIVERSITY CONSTRUCTION FUND, Appellant and Third-Party Plaintiff.

ARRIC CORP., Third-Party Defendant-Appellant. (Appeal No. 2.) [713 NYS2d 710] —Appeal unanimously dismissed without costs (*see, Smith v Catholic Med. Ctr.,* 155 AD2d 435; *see also,* CPLR 5501 [a] [1]). (Appeal from Order of Supreme Court, Erie County, Gorski, J.—Set Aside Verdict.) Present—Pigott, Jr., P. J., Hayes, Hurlbutt, Scudder and Lawton, JJ.

■■■ UNITED STATES FIDELITY AND GUARANTY COMPANY, Appellant, v NEW YORK, SUSQUEHANNA AND WESTERN RAILWAY CORP., Respondent. [713 NYS2d 624] —Judgment unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: In September 1987, James VanFleet, an employee of defendant, sustained injuries in Oakland, New Jersey, when he was pinned between a Gradall and a Chevrolet pick-up truck, both owned by defendant. Plaintiff, which issued a business auto policy to defendant's parent corporation, was notified of the accident in April 1989. In August 1990, VanFleet commenced an action under the Federal Employers' Liability Act (45 USC § 51 *et seq.*) in Federal district court against defendant and its parent corporation. Upon being served with the summons and complaint in that action, defendant forwarded them to its insurance agent and to its attorneys. Plaintiff assumed the cost of defendant's defense in the VanFleet action by paying the fees of defendant's attorneys. Plaintiff communicated regularly with defendant's attorneys, requesting information and documents. Plaintiff never sent a reservation of rights or disclaimer letter.

Trial of the VanFleet action was scheduled to commence in late September 1991. Defendant's attorneys engaged in settlement discussions with VanFleet's attorney. Six days before trial was to commence and on the eve of a settlement conference with the court, plaintiff indicated that it was considering disclaiming coverage on the grounds that defendant failed to provide prompt notice of the accident, the policy excludes coverage for injuries to employees of the insured, and the Gradall is not a covered auto within the policy definition. Defendant's attorney objected on the ground that plaintiff had not reserved its rights to disclaim on any ground and that plaintiff's late notice of disclaimer was jeopardizing a favorable settlement of the case. Plaintiff indicated that it would pay the settlement amount only if defendant agreed to litigate the coverage issues and, if coverage was not found, to reimburse plaintiff for the amount of the settlement as well as the costs of defending the action. Defendant signed the agreement and the VanFleet action was settled.

Plaintiff then commenced this declaratory judgment action,