We have considered defendant's remaining contentions and conclude that they are without merit. (Appeal from Judgment of Supreme Court, Erie County, Rossetti, J.—Murder, 2nd Degree.) Present—Pine, J. P., Wisner, Hurlbutt, Scudder and Kehoe, JJ.

■ THOMAS J. YOUNG et al., Respondents, v TOPS MARKETS, INC., et al., Appellants. (Appeal No. 1.) [724 NYS2d 921] —Appeal unanimously dismissed without costs (*see,* CPLR 5501 [a] [1]). (Appeal from Order of Supreme Court, Erie County, Glownia, J.—Discovery.) Present—Pine, J. P., Wisner, Hurlbutt, Scudder and Kehoe, JJ.

■ THOMAS J. YOUNG et al., Respondents, v TOPS MARKETS, INC., et al., Appellants. (Appeal No. 2.) [724 NYS2d 921] —Appeal unanimously dismissed without costs (*see, Smith v Catholic Med. Ctr.,* 155 AD2d 435; *see also,* CPLR 5501 [a] [1], [2]). (Appeal from Order of Supreme Court, Erie County, Glownia, J.—Set Aside Verdict.) Present—Pine, J. P., Wisner, Hurlbutt, Scudder and Kehoe, JJ.

■ THOMAS J. YOUNG et al., Respondents, v TOPS MARKETS, INC., et al., Appellants. (Appeal No. 3.) [724 NYS2d 924] —Appeal unanimously dismissed without costs (*see,* CPLR 5501 [a] [1]). (Appeal from Order of Supreme Court, Erie County, Glownia, J.—Damages.) Present—Pine, J. P., Wisner, Hurlbutt, Scudder and Kehoe, JJ.

■ THOMAS J. YOUNG, Respondent, et al., Plaintiff, v TOPS MARKETS, INC., et al., Appellants. (Appeal No. 4.) [725 NYS2d 489] —Judgment reversed on the law without costs and new trial granted on damages for past and future pain and suffering only unless plaintiff Thomas J. Young, within 20 days of service of a copy of the order of this Court with notice of entry, stipulates to reduce the verdict for past pain and suffering to $1 million and for future pain and suffering to $2.5 million, in which event the judgment is modified accordingly and as modified affirmed without costs in accordance with the following Memorandum: Plaintiffs commenced this action to recover damages for injuries sustained by Thomas J. Young (plaintiff) in April 1994 when he fell 18 feet in an accident at work. Partial summary judgment on the issue of liability under Labor Law § 240 (1) was granted in June 1998, and a jury trial on the issue of damages was held in December 1998. The jury returned a verdict awarding plaintiff compensatory damages in the amount of $8,077,363 and awarding plaintiff's wife $400,000 on her derivative claim. Defendants appeal from the