ences—waived." The court reporter was unable to specify when the notation was made and could only speculate concerning her reason for making a handwritten notation when no waiver was noted on the record. Thus, we conclude that the evidence at the reconstruction hearing was insufficient to establish that defendant waived his *Antommarchi* rights (*cf., People v DeJesus,* 272 AD2d 61, 62-63, *lv denied* 95 NY2d 962).

With respect to the court's further determination that "all the dispositions of the prospective jurors after the sidebar conferences were proper," we conclude that the People failed to establish that defendant "was given a full and fair opportunity to give meaningful input regarding the discretionary decision" of defense counsel to exercise peremptory challenges with respect to the three prospective jurors at issue (*People v Starks,* 88 NY2d 18, 29; *cf., People v McCullough,* 254 AD2d 750, *lv denied* 92 NY2d 1035). Although the evidence established that defendant spoke with defense counsel in the jury room after each panel of prospective jurors was questioned, defense counsel did not recall the substance of the discussions. "Thus, the record does not negate the possibility that defendant * * * could have provided valuable input on his counsel's apparently discretionary choice to excuse those [prospective jurors]" (*People v Feliciano,* 88 NY2d 18, 28; *see, People v Davidson,* 89 NY2d 881, 883). We therefore reverse the judgment of conviction and grant a new trial on counts two, six, seven and eight of the indictment. Inasmuch as defendant was acquitted of attempted murder in the first degree under count one of the indictment and was convicted of the lesser included offense of attempted assault in the first degree under that count, count one must be dismissed without prejudice to the People to re-present any appropriate charges under count one to another Grand Jury (*see, People v Gonzalez,* 61 NY2d 633, 635; *People v Jackson,* 167 AD2d 893, 894). Finally, inasmuch as the court after the verdict dismissed counts three and four of the indictment on the ground of insufficient evidence and defendant was acquitted of count five of the indictment, those counts must also be dismissed. (Resubmission of Appeal from Judgment of Supreme Court, Monroe County, Mark, J.—Robbery, 1st Degree.) Present—Pigott, Jr., P. J., Green, Pine and Scudder, JJ.

■ KURT A. JOHNSON, Respondent, v LCA VISION, INC., Appellant, and HANSA RESEARCH & DEVELOPMENT, INC., Respondent, et al., Defendant. (Appeal No. 1.) [727 NYS2d 674] —Appeal unanimously dismissed without costs (*see, Smith v Catholic Med. Ctr.,* 155 AD2d 435; *see also,* CPLR 5501 [a] [1], [2]). (Ap

peal from Order of Supreme Court, Erie County, Kane, J.—New Trial.) Present—Pigott, Jr., P. J., Hayes, Wisner, Scudder and Lawton, JJ.

■ KURT A. JOHNSON, Respondent, v LCA VISION, INC., Appellant, and HANSA RESEARCH & DEVELOPMENT, INC., Respondent, et al., Defendant. (Appeal No. 2.) [727 NYS2d 674] —Judgment unanimously affirmed without costs. Memorandum: Supreme Court properly granted plaintiff's request to charge the doctrine of res ipsa loquitur with respect to defendants LCA Vision, Inc. and Claus M. Fichte, M.D. (*see, Fogal v Genesee Hosp.,* 41 AD2d 468, 474-477). In order to establish his entitlement to that charge, plaintiff was not required to eliminate conclusively "the possibility of all other causes of the injury. It [was] enough that the evidence * * * afford[ed] a rational basis for concluding that 'it [was] more likely than not' that the injury was caused by [the] negligence [of those defendants]" (*Kambat v St. Francis Hosp.,* 89 NY2d 489, 494, quoting Restatement [Second] of Torts § 328 D, comment *e*). The award of damages for future pain and suffering for plaintiff's eye injury does not deviate materially from what would be reasonable compensation (*see,* CPLR 5501 [c]; *Galawanji v 40 Sutton Place Condominium,* 262 AD2d 55, *lv denied* 94 NY2d 756). (Appeal from Judgment of Supreme Court, Erie County, Kane, J.—Negligence.) Present—Pigott, Jr., P. J., Hayes, Wisner, Scudder and Lawton, JJ.

■ CHIEN HOANG, Respondent, v ICM CORPORATION, Respondent, and HEIM GROUP et al., Appellants. [727 NYS2d 840] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Plaintiff, the employee of a temporary agency, was assigned to work at defendant ICM Corporation (ICM) and was injured while operating a punch press there. Plaintiff sustained crush injuries and traumatic partial amputation of three fingers when he activated a foot switch while reaching into the point of operation of the machine to remove a jammed circuit board. ICM had added the foot switch to the punch press on the day of the accident while plaintiff was taking his break. The foot switch was manufactured by defendant Linemaster Switch Corporation (Linemaster) and the punch press was manufactured by defendant The Heim Group (Heim). Defendant R.L. Lewis Co., Inc. (Lewis), a distributor, sold both the punch press and the foot switch to ICM. Although the foot switch was available as an option to add to the punch press, it could be purchased only if the buyer agreed to sign an indemnification agreement, agreeing to defend and indemnify Heim for "any claims arising out of the use or misuse of the foot switch." ICM