The court did not err in permitting a key prosecution witness to testify that he had made a pretrial photographic identification of defendant. The court properly permitted the witness to testify on redirect about the photo identification because defense counsel "open[ed] the door" to such testimony by creating a "misimpression" about the witness's identification that was cured by testimony concerning the photo identification (*People v Giallombardo*, 128 AD2d 547, 548, *lv denied* 69 NY2d 1004).

Contrary to the contention of defendant, he was not denied effective assistance of counsel (*see, People v Benevento*, 91 NY2d 708, 712-713). Finally, the sentence is not unduly harsh or severe. (Appeal from Judgment of Supreme Court, Onondaga County, Brunetti, J.—Robbery, 1st Degree.) Present—Pigott, Jr., P. J., Hayes, Wisner, Kehoe and Burns, JJ.

■ RICHARD S. WARSHOF, Appellant, v ROCHESTER COMMUNITY SAVINGS BANK, Respondent. (Appeal No. 1.) [731 NYS2d 413] —Appeal unanimously dismissed without costs (*see, Smith v Catholic Med. Ctr.*, 155 AD2d 435; *see also*, CPLR 5501 [a] [1]). (Appeal from Order of Supreme Court, Monroe County, Stander, J.—Set Aside Verdict.) Present—Pigott, Jr., P. J., Hayes, Wisner, Kehoe and Burns, JJ.

■ RICHARD S. WARSHOF, Appellant, v ROCHESTER COMMUNITY SAVINGS BANK, Respondent. (Appeal No. 2.) [730 NYS2d 634] —Judgment unanimously reversed on the law without costs and plaintiff's cross motion seeking summary judgment granted in part in accordance with the following Memorandum: Plaintiff, an employee of defendant from June 1, 1970 to August 25, 1994, commenced this action seeking, *inter alia*, a determination of his rights under the Separation Agreement and General Release (Separation Agreement) executed by the parties upon the termination of plaintiff's employment with defendant. Supreme Court erred in failing to determine, as a matter of law on cross motions by the parties seeking summary judgment, the meaning of paragraph 2 of the Separation Agreement with respect to defendant's continued obligation to pay a portion of plaintiff's split dollar life insurance premium after August 31, 1995. The split dollar life insurance policy provides whole life coverage and has a substantial cash surrender value. Plaintiff derived substantial tax benefits from defendant's payment of a portion of the premium.

Paragraph 2 of the Separation Agreement, which was signed after a month of negotiation, provides that defendant "shall make the payments and provide the benefits contemplated by