■ LOTTIE M. SANDQUIST, Respondent, v SACRED HEART CHURCH, Appellant. (Appeal No. 2.) [732 NYS2d 621] —Appeal unanimously dismissed without costs (see, Smith v Catholic Med. Ctr., 155 AD2d 435; see also, CPLR 5501 [a] [1], [2]). (Appeal from Order of Supreme Court, Onondaga County, Murphy, J.—Set Aside Verdict.) Present—Green, J. P., Hayes, Wisner, Scudder and Kehoe, JJ.

■ MARIA DANTONIO, Respondent, v BUFFALO GENERAL HOSPITAL, Appellant, et al., Defendant. (Appeal No. 1.) [732 NYS2d 603] —Appeal unanimously dismissed without costs (see, Smith v Catholic Med. Ctr., 155 AD2d 435; see also, CPLR 5501 [a] [1], [2]). (Appeal from Order of Supreme Court, Erie County, Kane, J.—Set Aside Verdict.) Present—Green, J. P., Hayes, Wisner, Scudder and Kehoe, JJ.

■ MARIA DANTONIO, Respondent-Appellant, v KALEIDA HEALTH, Formerly Known as BUFFALO GENERAL HOSPITAL, Appellant-Respondent. (Appeal No. 2.) [732 NYS2d 322] —Judgment unanimously reversed on the law without costs, defendant's motion granted and amended complaint dismissed. Memorandum: Plaintiff commenced this action alleging that defendant, her former employer, unlawfully discriminated against her by discharging her based on her disability. Following a jury trial, plaintiff was awarded approximately $545,000 in damages for past and future lost wages and benefits and pain and suffering. Defendant contends that, as a matter of law, plaintiff is not disabled within the meaning of Executive Law § 292 (former [21]) and thus is barred from recovering for employment discrimination under Executive Law § 296 (1) (a) and former (3-a) (g). We agree.

Pursuant to Executive Law § 296 (1) (a), it is an unlawful discriminatory practice to discharge an employee "because of" the employee's disability (see, Matter of Cahill v Rosa, 89 NY2d 14, 19; Matter of McEniry v Landi, 84 NY2d 554, 558-559). In order to prevail on her claim, plaintiff was required to prove that she fell within the class of persons protected by the Human Rights Law, i.e., that she was disabled within the meaning of that law (see, Ferrante v American Lung Assn., 90 NY2d 623, 629; Matter of McEniry v Landi, supra, at 558-559). When plaintiff's claim arose, Executive Law § 292 (former [21]) defined "disability" as, inter alia, a "physical, mental or medical impairment * * * provided, however, that in all provisions of this article dealing with employment, the term shall be limited to disabilities which do not prevent the complainant from performing in a reasonable manner the activities involved