We further conclude that the in-court identification by the complainant, who was acquainted with defendant and previously had identified him as the perpetrator, was not tainted by the complainant's inadvertent viewing of defendant's being brought into the courtroom in handcuffs (*cf. People v Duuvon,* 77 NY2d 541, 545; *People v Evans,* 291 AD2d 868, 869; *People v Howington,* 284 AD2d 1009, 1009, *lv denied* 97 NY2d 683). We have reviewed defendant's challenge to the severity of the sentence and conclude that it is without merit. Present—Pigott, Jr., P.J., Pine, Hayes, Kehoe and Gorski, JJ.

■ ELIZABETH LINDQUIST, Respondent, v KNOWLEDGE SYSTEMS & RESEARCH, INC., et al., Appellants. (Appeal No. 1.) [744 NYS2d 103] —Appeal from a judgment of Supreme Court, Onondaga County (Townes, J.), entered February 14, 2001, in favor of plaintiff after a jury trial.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is granted and the complaint is dismissed.

Memorandum: Defendants appeal from a judgment entered upon a jury verdict awarding plaintiff damages for injuries that she sustained in a motor vehicle accident in September 1995. Supreme Court erred in denying defendants' motion seeking to set aside the verdict on the ground that, as a matter of law, plaintiff failed to establish that she sustained a serious injury under Insurance Law § 5102 (d). The verdict is based upon the jury's finding that a herniated disc at the L5/S1 level resulted in a permanent consequential limitation of use of a body organ or member (*see id.*). Plaintiff, however, failed to prove that her back injury "was both permanent and consequential" (*Kordana v Pomellito,* 121 AD2d 783, 784, *appeal dismissed* 68 NY2d 848). The evidence presented at trial establishes that surgery in July 1996 was successful and that plaintiff received no further treatment after June 1997. The evidence further establishes that plaintiff no longer experiences pain from the herniated disc and has resumed her normal daily activities. We therefore reverse the judgment, grant defendants' motion and dismiss the complaint. Present—Green, J.P., Wisner, Hurlbutt, Scudder and Lawton, JJ.

■ ELIZABETH LINDQUIST, Respondent-Appellant, v KNOWLEDGE SYSTEMS & RESEARCH, INC., et al., Appellants-Respondents. (Appeal No. 2.) [743 NYS2d 757] —Appeal and cross appeal from parts of an order of Supreme Court, Onondaga County (Townes, J.), entered March 19, 2001, that denied