plaintiff's no-fault insurance carrier testified at the collateral source hearing that the carrier would continue to reimburse plaintiff for any medical expenses that it found to be medically necessary and causally related to the accident. Implicit in the award of damages for future medical expenses was the jury's finding that the entire award was for expenses that will be medically necessary and causally related to the accident. Thus, "[t]his is not a case where it is unclear whether plaintiff would be eligible for collateral source payments" (*Caruso*, 217 AD2d at 259). Present—Hurlbutt, J.P., Smith, Centra, Lunn and Fahey, JJ.

■ LeeAnn Lahren et al., Appellants, v Boehmer Transportation Corp. et al., Respondents. (Appeal No. 2.) [852 NYS2d 917]—

It is hereby ordered that said appeal is unanimously dismissed without costs (*see* CPLR 5501 [a] [1]). Present—Hurlbutt, J.P., Smith, Centra, Lunn and Fahey, JJ.

■ LeeAnn Lahren et al., Appellants, v Boehmer Transportation Corp. et al., Respondents. (Appeal No. 3.) [852 NYS2d 917]—

It is hereby ordered that said appeal is unanimously dismissed without costs (*see Smith v Catholic Med. Ctr. of Brooklyn & Queens*, 155 AD2d 435 [1989]; *see also* CPLR 5501 [a] [1], [2]). Present—Hurlbutt, J.P., Smith, Centra, Lunn and Fahey, JJ.

■ Eric D. Baglin, Appellant, v Paul W. Crego, Jr., as Executor of Gerald L. Crego, Deceased, et al., Respondents. [852 NYS2d 918]—

It is hereby ordered that the order so appealed from is unanimously affirmed without costs for reasons stated in the