Solecki v Oakwood Cemetery Assn. (2021 NY Slip Op 01670)





Solecki v Oakwood Cemetery Assn.


2021 NY Slip Op 01670


Decided on March 19, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 19, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, LINDLEY, CURRAN, AND BANNISTER, JJ.


1116 CA 19-01771

[*1]ANDREW SOLECKI AND DEBORAH SOLECKI, PLAINTIFFS-RESPONDENTS,
v
OAKWOOD CEMETERY ASSOCIATION, DEFENDANT-RESPONDENT, AND WOLCOTT GRASS FARM, INC., DOING BUSINESS AS WOLCOTT LAWN & CEMETERY MAINTENANCE, DEFENDANT-APPELLANT. (APPEAL NO. 1.) 






RUPP BAASE PFALZGRAF CUNNINGHAM LLC, BUFFALO (CORY J. WEBER OF COUNSEL), FOR DEFENDANT-APPELLANT. 
PAUL WILLIAM BELTZ, P.C., BUFFALO (WILLIAM A. QUINLAN OF COUNSEL), FOR PLAINTIFFS-RESPONDENTS.


 Appeal from a judgment of the Supreme Court, Erie County (John F. O'Donnell, J.), entered September 13, 2019. The interlocutory judgment granted plaintiffs judgment on the issue of liability against defendant Wolcott Grass Farm, Inc., doing business as Wolcott Lawn & Cemetery Maintenance. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.
Memorandum: In appeal No. 1, Wolcott Grass Farm, Inc., doing business as Wolcott Lawn & Cemetery Maintenance (defendant) appeals from an interlocutory judgment entered against it on the issue of liability. In appeal No. 2, defendant appeals from an order that denied its posttrial motion to set aside the verdict and for a new trial on liability. We dismiss the appeal from the order in appeal No. 2 inasmuch as the issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment in appeal No. 1 (see Smith v Catholic Med. Ctr. of Brooklyn & Queens, 155 AD2d 435, 435 [2d Dept 1989]; see also CPLR 5501 [a] [1]).
Defendant contends that Supreme Court erred in denying the posttrial motion because defendant was denied a fair trial due to fundamental errors in the jury instructions. Even assuming, arguendo, that defendant's contention is preserved, we nevertheless reject it. Although the court briefly misspoke during the jury charge on the alleged negligence of defendant, "the charge as a whole adequately explain[ed] general negligence principles" such that we are "confident in concluding that [this] isolated mistake . . . did not affect the jury's verdict" (Reis v Volvo Cars of N. Am., 24 NY3d 35, 43 [2014], rearg denied 24 NY3d 949 [2014]). We further conclude that the court properly denied defendant's motion for a directed verdict pursuant to CPLR 4401. Contrary to defendant's contention, there was a rational process by which the jury could have found that defendant failed to exercise the degree of care that a reasonably prudent professional grave digger would have exercised under the same circumstances (see generally Szczerbiak v Pilat, 90 NY2d 553, 556 [1997]). We have reviewed defendant's remaining contentions and conclude that none requires reversal or modification of the judgment.
Entered: March 19, 2021
Mark W. Bennett
Clerk of the Court