of a Gillette employee that the busbar box "looked different" after the Skydiver ride was refurbished in 1987, that witness also testified that he did not know whether it was the same busbar box.

The court properly denied that part of the motion of Chance Rides to preclude the testimony of plaintiff's expert. Although the expert did not inspect the Skydiver ride and the related components until at least three years after decedent's death, the expert's opinion was also based upon a review of the ride manual containing the configuration of electrical connections. The admissibility of expert testimony is a matter entrusted to the sound discretion of the trial court (*see, De Long v County of Erie,* 60 NY2d 296, 307).

The court properly granted that part of the motion of Chance Rides to preclude testimony concerning a prior incident in which another Gillette employee received an electric shock. There was no showing that the prior incident was substantially similar to the incident herein, which resulted in decedent's death (*see, Hyde v County of Rensselaer,* 51 NY2d 927, 929).

Finally, the court should have granted in part the motion of defendant Auburn Armature, Inc. (Auburn) for summary judgment dismissing the complaint against it. Auburn repaired the genset for Gillette on one occasion in April 1987, and thus it cannot be liable to plaintiff on a theory of failure to warn of a design defect (*see, Ayala v V & O Press Co.,* 126 AD2d 229, 237). Therefore, the court should have granted Auburn's motion to the extent that the complaint alleges a cause of action for failure to warn of a design defect. However, to the extent that the complaint alleges a cause of action based upon Auburn's alleged negligent repair of the genset, Auburn failed to meet its burden of establishing by proof in evidentiary form that it was not negligent in its repair of the genset.

We therefore modify the order by granting that part of the motion of Chance Rides seeking summary judgment dismissing the complaint against it and by granting in part the motion of Auburn and dismissing the complaint against it to the extent that it alleges a cause of action for failure to warn of a design defect. (Appeals from Order of Supreme Court, Herkimer County, Kirk, J.—Summary Judgment.) Present—Pigott, Jr., P. J., Hayes, Hurlbutt and Scudder, JJ.

■ CHRISTOPHER COUSINEAU et al., Respondents, v PETER MULBURY, Appellant. (Appeal No. 1.) [710 NYS2d 826] —Appeal unanimously dismissed without costs (*see, Smith v Catholic Med. Ctr.,* 155 AD2d 435; *see also,* CPLR 5501 [a] [1]). (Appeal

from Order of Supreme Court, Monroe County, Siracuse, J.—
Set Aside Verdict.) Present—Pigott, Jr., P. J., Hayes, Hurlbutt
and Scudder, JJ.

■■■ CHRISTOPHER COUSINEAU et al., Respondents, v PETER
MULBURY, Appellant. (Appeal No. 2.) [709 NYS2d 317] —Judgment
unanimously modified on the law and as modified affirmed
without costs and new trial granted on damages for loss of ser-
vices only unless plaintiffs, within 20 days of service of a copy
of the order of this Court with notice of entry, stipulate to
reduce the verdict for loss of services to $100,000, in which
event the judgment is modified accordingly and as modified af-
firmed without costs in accordance with the following Memo-
randum: We reject the contention of defendant that Supreme
Court erred in concluding that the explanation proffered by his
attorney for the exercise of peremptory challenges with respect
to two prospective jurors was pretextual. Defendant's attorney
stated that he challenged those prospective jurors because of
their "education, their experiences in life." However, he did not
challenge Caucasian jurors with similar educational back-
grounds and declined the court's offer of the opportunity to
question those two jurors to obtain additional information
concerning their education and life experiences. Thus, the rec-
ord supports the court's determination that plaintiffs estab-
lished intentional discrimination in defendant's exercise of per-
emptory challenges (cf., People v Allen, 86 NY2d 101, 110-
111).

We reject defendant's contentions that plaintiffs failed to es-
tablish that defendant's conduct deviated from the accepted
standard of medical care and was the proximate cause of the
injury of Christopher Cousineau (plaintiff) and that the award
of damages for pain and suffering and future medical expenses
is excessive. We agree, however, that the award of $255,000 on
the derivative cause of action for loss of services deviates
materially from what would be reasonable compensation (see,
CPLR 5501 [c]; Rodgers v 72nd St. Assocs., 269 AD2d 258;
Bonner v Lee [appeal No. 2], 255 AD2d 1005, 1006). We
conclude that the highest amount that can be justified by
plaintiffs' evidence of loss of services is $100,000. We modify
the judgment, therefore, by vacating the award of damages for
loss of services, and we grant a new trial on damages for loss
of services only unless plaintiffs, within 20 days of service of a
copy of the order of this Court with notice of entry, stipulate to
reduce the verdict for loss of services to $100,000, in which
event the judgment is modified accordingly and as modified af-
firmed. (Appeal from Judgment of Supreme Court, Monroe